UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**LEROY MACK**, individually and on
behalf of all those similarly situated,

    Plaintiff,

v.

**USAA CASUALTY INSURANCE COMPANY,**

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, USAA Casualty Insurance Company ("USAA CIC or Defendant"), removes this case from the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, to the United States District Court for the Southern District of Florida, pursuant to: (i) 28 U.S.C. §§ 1441 and 1446; and (ii) the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and states as follows:

### I. BACKGROUND

1. Plaintiff, Leroy Mack ("Plaintiff"), filed this civil action against USAA on or about April 22, in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, case no. CACE-19-008703 ("State Court Action" or "Complaint").

2. USAA CIC was served with a Summons and the Complaint through the Florida Chief Financial Officer on May 2, 2019, and through its statutory agent on May 6, 2019, 2018. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

3. Plaintiff asserts the State Court Action on behalf of himself and a putative class of allegedly similarly situated individuals named as insureds under Florida motor vehicle policies issued by USAA CIC.

4. Plaintiff alleges he was insured under a Florida motor vehicle insurance policy issued by USAA CIC. Plaintiff further alleges that she was involved in a motor vehicle accident on or about February 7, 2019. Plaintiff made a claim with USAA CIC arising from this accident, and USAA CIC declared the vehicle a total loss under the applicable insurance policy.

5. Plaintiff has filed suit against USAA and asserts one count for declaratory relief and one count of breach of contract. Plaintiff is seeking class certification with respect to both claims.

6. Plaintiff seeks certification of the following proposed class:

> [A]ll individuals who: (a) on or after April 22, 2014; (b) are or were covered by a USAA Florida personal automobile policy; (c) made a claim under the Collision or Comprehensive coverage of that policy for damage or loss to a covered vehicle which USAA accepted and treated as a total loss claim; and (d) USAA paid the claim or offered to pay the claim (which offer remains unaccepted) on a cash settlement basis with the actual cash value derived from the CCC system.

7. Plaintiff challenges the manner in which valuations of total losses are made, alleging that USAA purports to adjust and settle the total loss claims in accordance with Florida law, "but it does not do so in reality[,]" thereby breaching the policy as to Plaintiff and the putative class.

8. Specifically, Plaintiff alleges that USAA's use of the CCC ONE electronic system (the 'CCC system') a proprietary product licensed from CCC Information Services, Inc. ('CCC'), to adjust and settle total loss claims in Florida. Plaintiff alleges that USAA's use of the CCC system breaches its Florida policies in two ways.

9. Plaintiff contends that the CCC system is not a "generally recognized used vehicle industry source" as allegedly required by the insurance policies and Florida law. Plaintiff further contends that the CCC system "is specifically designed to underestimate the retail cost of comparable motor vehicles, including by using 'condition adjustments' to create reduced vehicle values that are not indicative of the actual cost to purchase a comparable motor vehicle."

10. Plaintiff further contends that USAA breaches its policies and violates Florida law by failing to pay as part of cash settlements what he contends are the minimum $83.25 in fees charged by the State of Florida in connection with title and licensing, and the "Dealer Preparation Fee and/or Document Fee" required to be disclosed by Sections 501.976(11) and 520.02(2).

11. Plaintiff also asserts an individual breach of contract claim, alleging that the undervaluation of her total loss vehicle constituted a breach of his policy with USAA. Plaintiff contends that USAA undervalued his vehicle by approximately $575, not including an additional claimed "dealer" and title/license fees on this additional value."

12. Finally, Plaintiff seeks the recovery of attorney's fees and costs pursuant to Section 627.428, Fla. Stat.

## II. Grounds for Removal

13. This case is removable, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § l441(a) and (b), and 28 U.S.C. § 1453, because (1) this is a. putative class action with more than 100 putative class members, (2) there is minimal diversity among the parties; and (3) the Complaint places into controversy an amount that exceeds $5,000,000 in the aggregate.

**A. The Putative Class Exceeds 100 Members**

14. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here. While Plaintiff does not quantify the number of putative class members in the Complaint, a review of USAA's records indicates that there are more than 22,400 purported members of the putative Class, as defined by Plaintiff. (Ex. A, Declaration of David Goripow ("Goripow Decl.") at ¶ 2.

**B. There is Minimal Diversity Among the Parties**

15. The second CAFA requirement is minimal diversity, i.e., at least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

16. Plaintiff is a citizen of the State of Florida. Plaintiff seeks to represent a class consisting of individuals whose motor vehicles were insured under a policy of insurance issued in Florida.

17. USAA CIC is a Texas corporation with its principal place of business in San Antonio, Texas. For purposes of removal and minimal diversity under CAFA, USAA is a citizen of a state other than Florida. 28 U.S.C. § 1332(d)(10). (Ex. B, CSC Notice of Service of Process, USAA Casualty Insurance Company).

18. Thus, there is minimal diversity, as the Plaintiff is a citizen of Florida, and USAA CIC is (and was at the time of the filing of the Complaint and all times intervening) a citizen of Texas. This prerequisite of CAFA is met. 28 U.S.C.§ 1332(d)(2).

**C. The Amount in Controversy is at Least $5,000,000**

19. CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

20.     A defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

21.     Based on Plaintiff's allegations and legal theories, the $5,000,000 CAFA amount in controversy requirement is satisfied.[1]  The breach of contract damages and declaratory relief Plaintiff seeks on behalf of the putative class places into controversy more than $5,000,000 based upon:  (1) the aggregate value of all putative class members' total loss valuations resulting from USAA's alleged improper use of CCC; (3) the value of title and vehicle registration fees; and (3) the value of "dealer fees" Plaintiff alleges USAA CIC was obligated to pay (but did not pay) to each putative class member.

22.     During the period April 22, 2015 to October May 7, 2019, USAA CIC settled more than 22,400 total loss claims in Florida.  Ex. A, Goripow Declaration at ¶ 3.  USAA CIC settled those claims, in part, based on a CCC One Valuation Report.  The aggregate valuation of all total loss claims settled by USAA during the period April 22, 2015 to October May 7, 2019 was $242,637,245.  *Id*. at ¶ 3.

23.     Plaintiff contends that his vehicle was "undervalued by 575, not including title and vehicle registration fees of $83.25.  Thus, Plaintiff alleges damages of at least $658.25 ($575

---

[1] USAA CIC denies that Plaintiff, or any potential putative class member, is entitled to recover any amount from it, and USAA submits that the relief sought in the State Court Action is too individualized and otherwise not proper for class certification. However, USAA CIC provides the above calculation of the aggregate amount at issue in this case solely for evaluating the amount in controversy under CAFA. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (*quoting Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 751 (11th Cir. 2010)) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

+ $83.25) on his individual claim, which he alleges are "typical" of the putative class. Multiplying the number of total loss claims in the class period (22,400) by $658.25 yields a mathematical result of $14,744,800.

24. Plaintiff alleges that USAA CIC determined the actual cash value of his vehicle was $5,967, after reduction of the $575 condition adjustment. This represents an alleged 9% underpayment ($575 / ($5967 + $575) =.08789). Applying that percentage claimed underpayment to the $242,637,245 total loss payments paid during the putative class period yields a mathematical result of $21,325,387.50.

25. Plaintiff is also seeking to recover attorneys' fees pursuant to Section 627.428, Fla. Stat. A "reasonable amount" of attorneys' fees authorized by statute may be "included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir.2000)); *see also Traturyk v. Western-Southern Life Assurance Company*, No. 15- cv-1347, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016) (holding "[a] district court may consider a plaintiff's claim for attorney's fees in determining the amount in controversy where a statute directly authorizes an award of attorney's fees should the plaintiff prevail on her claim."); *Bele v. 21st Century Centennial Ins. Co.*, No. 15-cv-526, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 201 5).

26. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied.

27. Accordingly, because the CAFA prerequisites are met, this case is properly removable under CAFA.

WHEREFORE, USAA CIC prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the

proper orders to achieve the removal of the State Court Action to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Respectfully submitted,

By: /s/ Sidney C. Calloway
Frank A. Zacherl, Esq.
Florida Bar No. 868094
FZacherl@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982
LMFernandez@shutts.com
KRicketts@shutts.com

Sidney C. Calloway, Esq.
Florida Bar No. 790982
SCalloway@shutts.com
**SHUTTS & BOWEN LLP**
200 East Broward Boulevard, Suite 2100
Ft. Lauderdale, FL 33301
Telephone: (954) 847-3833
Facsimile: (954) 888-3063
JGoodwin@shutts.com

Rodger L. Eckelberry
 (*pro hac vice to be filed*)
Email: reckelberry@bakerlaw.com
Martina T. Ellerbe (*pro hac vice to be filed*)
Email: eprouty@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
Tel: 614.228.1541
Fax: 614.462.2616

*Attorneys for Defendant USAA CIC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the Court's CF/ECF filing system, and furnished to all interested parties and counsel(s) of record identified on the attached Service List in the manner specified.

                                                */s/Sidney Calloway*

- 9 -

## SERVICE LIST

*Leroy Mack vs USAA Casualty Insurance Company*
United States District Court
Southern District of Florida
Fort Lauderdale Division

Scott R. Jeeves, Esq.
**THE JEEVES LAW GROUP, P.A.**
954 First Avenue North
St. Petersburg FL  33705
sjeeves@jeeveslawgroup.com
khill@jeeveslawgroup.com
pashe@jeeveslawgroup.com
lawclerk@jeeveslawgroup.com
rmandel@jeevesmandellawgroup.com

Craig E. Rothburd, Esq.
**CRAIG E. ROTHBURD, P.A.**
320 W Kennedy Blvd, Suite 700
Tampa FL  33606
craig@rothburdpa.com
crothburd@e-rlaw.com
maria@rothburdpa.com

Casim Adam Neff, Esq.
**NEFF INSURANCE LAW, PLLC**
P O Box 15063
St. Petersburg FL 33733
cneff@neffinsurancelaw.com

Edward H. Zebersky, Esq.
Mark S. Fistos, Esq.
**ZEBERSKY PAYNE, LLP**
110 SE 6th Street, Suite 210
Ft Lauderdale FL  33301
ezebersky@zpllp.com
mfistos@zpllp.com
ndiaz@zpllp.com

Alec H. Schultz, Esq.
Carly A. Kligler, Esq.
**LEON COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables FL  33134
aschultz@leoncosgrove.com
ckligler@leoncosgrove.com
eperez@leoncosgrove.com

Arthur M. Murray
**MURRAY LAW FIRM**
Suite 2150 Poydras Center
650 Poydras Street
New Orleans LA  70130
amurray@murray-lawfirm.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEROY MACK, individually and on
behalf of all those similarly situated,

Plaintiff,

v.

USAA CASUALTY INSURANCE
COMPANY,

Defendant.
_____/

### DECLARATION OF MR. DAVID L GORIPOW

**STATE OF TEXAS**

**COUNTY OF BEXAR**

I, David L Goripow, hereby declare that:

1. I am Senior Business Process Consultant for United Services Automobile Association, the ultimate parent of USAA Casualty Insurance Company ("USAA CIC"). I am over the age of 18 years, have personal knowledge of the statements in this declaration, and I am authorized to make the statements in this declaration.

2. Based upon a review of USAA CIC's records, kept contemporaneously in the ordinary course of business by persons whose job duties require them to maintain such records, during the period of April 22, 2015 to October May 7, 2019, USAA adjusted and settled more than 22,400 first-party, total loss claims for its Florida insureds under either the comprehensive or collision coverages of automobile insurance policies.

3. The adjustment and settlement of more than 22,400 first-party, total loss claims resulted in payments to USAA CIC insureds of $242,637,245 under either the comprehensive or collision coverages of their automobile insurance policies.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2019.

_____
David L Goripow

Internal – USAA Information

# EXHIBIT B



# Notice of Service of Process

null / ALL
Transmittal Number: 19758551
Date Processed: 05/06/2019

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Carmen Solis<br>Debra Brake<br>Jenna Meurer<br>Danielle Lopez<br>Ruby Esquivel |
| **Entity:** | USAA Casualty Insurance Company<br>Entity ID Number  3692525 |
| **Entity Served:** | USAA Casualty Insurance Company |
| **Title of Action:** | Leroy Mack vs. USAA Casualty Insurance Company |
| **Document(s) Type:** | OTHER:Class Action |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Broward County Circuit Court, FL |
| **Case/Reference No:** | CsACE-19-008703 12 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 05/06/2019 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Chief Financial Officer on 05/02/2019 |
| **How Served:** | Electronic SOP |
| **Sender Information:** | Scott R. Jeeves<br>727-894-2929 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Florida Department of State | DIVISION OF CORPORATIONS



Department of State / Division of Corporations / Search Records / Detail By Document Number /

## Detail by Entity Name

Foreign Profit Corporation
USAA CASUALTY INSURANCE COMPANY

**Filing Information**

| | |
|---|---|
| **Document Number** | 828817 |
| **FEI/EIN Number** | 74-1613656 |
| **Date Filed** | 10/11/1972 |
| **State** | TX |
| **Status** | INACTIVE |
| **Last Event** | MERGER |
| **Event Date Filed** | 12/31/1990 |
| **Event Effective Date** | NONE |

**Principal Address**

9800 FREDERICKSBURG ROAD
SAN ANTONIO, TX 78288

**Mailing Address**

9800 FREDERICKSBURG ROAD
SAN ANTONIO, TX 78288

**Registered Agent Name & Address**

CHIEF FINANCIAL OFFICER
P O BOX 6200 (32314-6200)
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

Name Changed: 03/17/2003

Address Changed: 03/17/2003

**Officer/Director Detail**

**Name & Address**

Title VD

BRAKEY, ROBERT
9800 FREDERICKSBURG RD
SAN ANTONIO, TX 00000

Title V

SWYERS, JOHN L

9800 FREDERICKSBURG RD
SAN ANTONIO, TX 00000

Title V

EVERS, SUSAN K.
9800 FREDERICKSBURG RD
SAN ANTONIO, TX 00000

Title CD

MCDERMOTT, ROBERT F
9800 FREDERICKSBURG RD
SAN ANTONIO, TX 00000

Title PD

HOLCOMB, M. STASER
9800 FREDERICKSBURG RD
SAN ANTONIO, TX 00000

Title VD

OTTE, RAY A
9800 FREDERICKSBURG RD
SAN ANTONIO, TX 00000

**Annual Reports**

| Report Year | Filed Date |
| --- | --- |
| 1988 | 07/11/1988 |
| 1989 | 07/17/1989 |
| 1990 | 07/02/1990 |

**Document Images**

**No images are available for this filing.**

Florida Department of State, Division of Corporations