## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, STATE OF FLORIDA
## CIVIL DIVISION

**LEROY MACK**, individually and on
behalf of all those similarly situated,

      Plaintiff,

v.

**USAA CASUALTY INSURANCE
COMPANY,**

      Defendant.

_____/

**CLASS REPRESENTATION**

Case No.:

## CLASS ACTION COMPLAINT AND
## DEMAND FOR JURY TRIAL

      Plaintiff, **LEROY MACK** ("Mack"), individually, and on behalf of all those similarly situated, brings this action against Defendant, **USAA CASUALTY INSURANCE COMPANY** ("USAA"), and alleges as follows:

### Introduction

1.    USAA insures Mack using a policy of insurance nominated as Form 5100FL (02) Rev. 10-12 policy form (the "Policy"). The Policy, as reformed to conform with Fla. Stat. § 626.9743(5), allows USAA to adjust and settle a first-party motor vehicle total loss via a cash settlement based upon the actual cost to purchase a comparable motor vehicle. Such "actual cost" may be derived from the retail cost as determined from a generally recognized used motor vehicle industry source, including an electronic database. Fla. Stat. § 626.9743(5)(a)(2).

2.    USAA purported to adjust and settle Mack's total loss in this manner, but it does not do so in reality. Specifically, USAA used the CCC ONE electronic system (the "CCC system"), a

proprietary product licensed from CCC Information Services Inc. ("CCC"), to adjust and settle Mack's claim.

3.      This violates Florida law and breaches the Policy in two respects. First, the CCC system is not a "generally recognized used vehicle industry source" as required by the Policy and Florida law. Second, it is specifically designed to underestimate the retail cost of comparable motor vehicles, including by using "condition adjustments" to create reduced vehicle values that are not indicative of the actual cost to purchase a comparable motor vehicle. USAA takes the position that use of the CCC system complies with Florida law and the Policy.

4.      To make matters worse, USAA additionally breaches the Policy and violates Florida law by failing to pay as part of cash settlements the minimum $83.25 in fees charged by the State of Florida in connection with the transfer of title and license to a new vehicle ("title/license fees") and the "Dealer Preparation Fee and/or Document Fee" required to be disclosed by Sections 501.976(11) and 520.02(2), Fla. Stat., charged by every used car dealer in Florida (the "dealer fees"). Those fees constitute part of the "actual cost to purchase a comparable motor vehicle" under § 626.9743(5)(a), just like sales tax, and fall within the Policy's definition of "actual cash value," so they must be reimbursed pursuant to the Policy and 626.9743(5). USAA will not pay these fees as part of its cash settlements pursuant to its Policy.

5.      Mack and the Class are therefore in doubt as to their rights under the Policy with USAA and seek a declaratory judgment that the Policy does not allow USAA to adjust and settle total loss claims using the CCC system and that USAA must pay title/license and dealer fees under the Policy. Mack and the Class additionally petition the Court for supplemental relief in connection with any declaratory judgements rendered by the Court.

6.      Additionally, Mack and the Class bring a separate breach of contract cause of action for USAA's failure to pay them $83.25 in title/license fees.

7.     In conjunction with both their declaratory judgment and breach of contract cause of action, Mack and the Class seek to recover the reasonable attorneys' fees and costs required to prosecute them.

### Jurisdiction, Parties, Venue

1.     This is an action asserting class claims for declaratory relief and damages pursuant to Florida Rule of Civil Procedure 1.220(b)(1)(A), (2) and/or (3).

2.     This Court has jurisdiction because Mack and the Class seek declaratory relief and because the amount in controversy exceeds $15,000, exclusive of interest, costs, and attorneys' fees.

3.     Currently, Mack does not have evidence to support that the amount in controversy exceeds $5,000,000.

4.     Plaintiff Leroy Mack is, and at all material times has been, a resident of Florida and insured by USAA.

5.     At all times material hereto, USAA was in the business of selling automobile insurance and adjusting and settling automobile insurance claims, including the sale of Collision and Comprehensive coverages and adjustment and settlement of first-party total loss claims under those coverages.  USAA may be served with process through its registered agent for the service of process in Florida, Jimmy Patronis, the Chief Financial Officer of the Florida Department of Financial Services at 200 E Gaines St, Tallahassee, FL 32399.

6.     Venue is proper in Broward County, Florida, because USAA is a Foreign Profit Corporation, and it has offices for the transaction of, and agents transacting, its customary business in Broward County.

7.     All conditions precedent to the maintenance of this action have occurred, have been performed, have been waived, or USAA is estopped from asserting them, including, but not

limited to, Part E-General Provisions, Duties After an Accident or Loss and Legal Action Against Us, of the Policy, to the extent they constitute conditions precedent to maintaining this action.

**Factual Allegations Common to Mack and the Class**

8.      USAA insures Mack for Collision coverage using Form 5100FL(02) Rev. 10-12  (the "Policy").  The Policy provides, in pertinent part, as follows:

### PART D – PHYSICAL DAMAGE COVERAGE

**DEFINITIONS**

A. **"Actual cash value"** means the amount that it would cost, at the time of loss, to buy a comparable vehicle. As applied to your covered auto, a comparable vehicle is one of the same make, model, model year, body type, and options with substantially similar mileage and physical condition.

B. **"Collision"** means the impact with an object and includes upset of a vehicle. Loss caused by the following is covered under Comprehensive Coverage and is not considered collision: fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal; windstorm; or breakage of window glass. If breakage of window glass is caused by a collision, you may elect to have it considered a loss caused by collision.
…
D. **"Loss"** means direct and accidental damage to the operational safety, function, or appearance of, or theft of, your covered auto or personal property contained in your covered auto. Loss includes a total loss, but does not include any damage other than the cost to repair or replace. Loss does not include any loss of use, or diminution in value that would remain after repair or replacement of the damaged or stolen property.
…

**INSURING AGREEMENT**

A. Comprehensive Coverage (excluding **collision**).

1. Physical damage. **We** will pay for **loss** caused by other than **collision** to **your covered auto**, including its equipment, and personal property contained in **your covered auto**, minus any applicable deductible shown on the Declarations. However, **we** will pay for the cost of repairing or replacing the damaged windshield on **your covered auto** without a deductible.
…

B. Collision Coverage. **We** will pay for **loss** caused by **collision to your covered auto**, including its equipment, and personal property contained in **your covered auto**, minus any applicable deductible shown on the Declarations

…

**LIMIT OF LIABILITY**

A. Total loss to **your covered auto**. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the **actual cash value** of the vehicle, inclusive of any **custom equipment**.

1. The maximum amount **we** will include Coverage is the lesser of: for **loss** to **custom equipment** in or on **your covered auto** is $5,000.

2. **We** will declare **your covered auto** to be a total loss if, in **our** judgment, the cost to **repair** it would be greater than its **actual cash value** minus its salvage value after the loss.

…

## PART E-GENERAL PROVISIONS

**CONFORMITY TO LAW**

If any of the terms of this policy conflict with state or local law, state or local law will apply

8.      Pursuant to the Limits of Liability for the Collison coverage of the Policy and Fla. Stat. § 319.30, USAA has the right when presented with a claim for damages to a vehicle where the cost to repair would be greater than its actual cash value minus its salvage value to declare the vehicle a total loss and pay the lesser actual cash value.  Of course, when a vehicle is stolen, it is a total loss, and USAA must pay the actual cash value.

9.      When USAA declares a vehicle a total loss, it must pay its insureds the vehicle's actual cash value as defined in and pursuant to Fla. Stat. § 626.9743, because to the extent that the Policy on its face is in any way inconsistent with that statute, its own terms and Florida law compel that it be reformed to conform to the statute. Thus, if USAA elects to pay a cash settlement, as it did in Mack's claim, it must pay "the actual cost to purchase a comparable motor

vehicle, including sales tax," which "cost may be derived from: … [t]he retail cost as determined from a generally recognized used motor vehicle industry source such as: … [a]n electronic database…" Fla. Sta. § 626.9743(5)(a)(2)(a). This cash settlement is independent of what the policyholder ends up spending, if anything.  In fact, the policyholder may simply keep the cash settlement and never replace the total loss vehicle. The Policy is actually consistent with the statute, because it provides that USAA will pay the "actual cash value" of the totaled vehicle, which is "the amount that it would cost, at the time of loss, to buy a comparable vehicle."

10.     USAA used the CCC system to determine the actual cash values of Mack's vehicle. The CCC system has the capability to provide a variety of methods for calculating total loss vehicle values which can be chosen by its licensees, here USAA. Accordingly, in this Complaint, "CCC system" refers to the version of this service used by USAA.

11.     The CCC system provides total loss valuations automatically based on supposedly comparable vehicle data contained in its computer system and data on the insured's total loss vehicle entered into it by USAA's adjusters through a computer interface. Among that data entered into the CCC system are the total loss vehicle's Vehicle Identification Number ("VIN"), which provides the vehicle make, model, configuration (e.g., number of doors, engine size, equipment and options), as well as the mileage and license plate number.

12.     The CCC system starts by automatically calculating a "Base Vehicle Value" for the total loss vehicle, as described below, which it adjusts based on the condition of the total loss vehicle. Specifically, USAA adjusters rate the condition of six components (mechanical, tires, paint, body, glass and interior) of the total loss vehicle as "Fair," "Good," "Very Good" or "Excellent" with the goal of adjusting the value of the total loss vehicle to the value of the same vehicle in "Good" condition. If a component is rated "Fair," it results in a downward adjustment to the vehicle's "Base Vehicle Value." If a component is rated "Good," no adjustment is made. And, if

a component is rated "Very Good" or "Excellent," it results in an upward adjustment to the total loss vehicle's "Base Value." Effectively, then, the baseline condition used for total loss vehicles is "Good" condition. The result of taking the "Base Vehicle Value" and making these additional "total loss vehicle component condition adjustments" is called the "Adjusted Vehicle Value." To the "Adjusted Vehicle Value" sales tax (calculated as a percentage of the "Adjusted Vehicle Value") is added, resulting in the "Settlement Value" or "Total." USAA pays the "Settlement Value" or "Total" less the applicable deductible.

13.     The "Base Vehicle Value" is derived by searching the prices advertised by dealers on websites like Autotrader.com, Truecar and dealer websites for anywhere from three to twelve "comparable vehicles" located as close as possible to the insured's residence, adjusting the advertised prices up or down based on mileage, optional equipment and a "Uniform Condition Adjustment" (see below) and then calculating a weighted average of the adjusted prices. According to CCC, the weighting is based on four factors (i) "source of the data (such as inspected versus advertised), (ii) similarity (such as equipment, mileage, and year), (iii) proximity to the loss vehicle's primary garage location, and (iv) recency of information." Upon information and belief, the CCC system omits some of the highest priced comparable vehicles in the area in order to decrease the "Base Vehicle Value."

14.     The supposed purpose of the "Uniform Condition Adjustment" to the "Base Vehicle Value" is to adjust the comparable vehicles to the "Good" condition which is used as the baseline condition for the total loss vehicle. To do this, the CCC system assumes all of the "comparable vehicles" being offered for sale via a retail advertisement have an overall condition of "Very Good," or "Excellent" and it makes a uniform downward price adjustment to all of them to supposedly find their values if they were only in "Good" condition like the total loss vehicle after adjustments. This assumption that all of the "comparable vehicles" are in "Very Good" or

"Excellent" condition is unwarranted, because CCC personnel, on average, do not inspect any or inspect only one of the "comparable vehicles" used in a valuation, so they have no actual knowledge of the conditions of virtually all of the "comparable vehicles."

15.     This systematic downward adjustment, which Mack terms the "Uniform Condition Adjustment," results in a flat and uniform value decrease for each of the "comparable vehicles," thereby lowering the average adjusted prices for the "comparable vehicles," and thereby lowering the total loss vehicle's "Base Vehicle Value."   The CCC system's application of downward adjustments of the exact same dollar amounts to "comparable vehicles" with advertised prices that differ by thousands of dollars could not possibly serve its stated purpose, because vehicles with such different advertised prices could not all be adjusted to "Good" condition from supposedly "Very Good" or "Excellent" condition by the exact same dollar amount reductions.

16.     Accordingly, USAA's use of "Uniform Condition Adjustments" to supposedly reduce "comparable vehicles" from an assumed "Very Good" or "Excellent" condition to a "Good" condition when creating the "Base Vehicle Value" is arbitrary and capricious and is not calculated to and does not result in the actual retail cost to purchase a comparable motor vehicle. Further, if CCC's assumption that **all** or even the majority of dealer cars have a condition of "Very Good" or "Excellent" is correct, such vehicles realistically constitute the comparable motor vehicles available to purchase by an insured at retail, and their "retail cost" should not be adjusted downward to the "Good" condition under the terms of Fla. Stat. § 626.9743(5)(a)(2) and the conformed Policy. Simply put, the use of "Uniform Condition Adjustments" by USAA is illegitimate, in breach of the Policy and in violation of Florida law.

17.     Upon information and belief, CCC presents marketing materials, workshops, and training to prospective, and current, insurance company clients stating that the average market value as

determined by the CCC system will result in lower total loss valuations and indemnity savings.

18.     Mack's total loss claim was adjusted by the CCC system, the end result of which is a CCC ONE Market Valuation Report ("CCC Report") setting forth the CCC system valuation. The same is true of all other Class members.  This report is retained in USAA's electronic claims records.

19.     The CCC system does not comply with Fla. Stat. § 626.9743(5)(a)(2)(a) and, thus, breaches the Policy for two major reasons.  First, it is not "a generally recognized used motor vehicle industry source" for the "retail cost" of used motor vehicles. Indeed, the CCC system is not available to Mack and the Class as consumers, and it is not even marketed to the motor vehicle industry as whole.  Rather, CCC only offers the CCC system as a subscription service to insurance companies, which are not part of the used motor vehicle industry.  Second, its selective exclusion of the "comparable vehicles" with the highest advertised prices and its use of systematic downward "Uniform Condition Adjustments" in Mack's and the Class' claims did not result in retail costs.

20.     While USAA may try to argue otherwise, the CCC system is also not designed to and does not comply with Fla. Stat. § 626.9743(5)(a)(1). When that provision states that "the actual cost to purchase a comparable motor vehicle… may be derived from:…the **cost** of two or more such comparable vehicles available within the preceding 90 days" (if "comparable motor vehicles are available in the local market area"), it means the **actual cos**t of buying from private parties, which could only be determined by directly contacting those private parties and obtaining quotes for purchase.  This provision does not provide for use of an electronic database or system at all, much less one that does not use actual costs of purchase but rather mere advertised prices subject to automated deductions calculated to decrease the value of vehicles below actual cost. Nor does it mean determining retail prices by getting quotes from dealers,

because that is the option provided by Fla. Stat. § 626.9743(5)(a)(3).

21.     Further, despite any USAA claim to the contrary, the CCC system is not designed to and does not comply with Fla. Stat. § 626.9743(5)(a)(3).  It does not obtain "quotes" from dealers—the actual prices for which they commit to sell the cars.  Rather, it takes advertised prices and makes illegitimate "Uniform Condition Adjustments" to those advertised prices, as requested by USAA.

22.     Additionally, the CCC system does not comply with Fla. Stat. § 626.9743(5)(c) for two reasons. First, it clearly attempts to fall under § 626.9743(5)(a)(2)(a), and a failed attempt to do that cannot satisfy § 626.9743(5)(c) as a "basis that varies from the methods described in paragraph (a) or paragraph (b)."  Second, that section requires that "the determination of value must be supported by documentation," and USAA has no documentation to support the appropriateness of the amounts of the condition adjustments to the total loss vehicle, the mileage deductions to the comparable vehicles, and the illegitimate "Uniform Condition Adjustments" to all comparable vehicles.

23.     Finally, Mack and the other members of the Class did not agree on another method with USAA to value their vehicles. In fact, USAA will not agree to any other method. Thus, the CCC system is not designed to, and did not, comply with § 626.9743(5)(d).

24.     In Florida, the "actual cost to purchase a comparable vehicle" and its "retail cost" (as required by the statute) and " the amount that it would cost, at the time of loss, to buy a comparable vehicle" (as required by the Policy) necessarily include numerous fees, including title/license fees and sales tax, because the State of Florida requires a dealer to collect those amounts in connection with the sale and registration of a used motor vehicle. While USAA pays sales tax (often times incorrectly), the "actual cost to purchase a comparable vehicle" also includes dealer fees, because no used car dealer in the State of Florida will sell a vehicle without

charging such dealer fees. The Policy as conformed to Fla. Stat. § 626.9743(5) requires those fees to be paid upfront as part of a cash settlement on the basis of actual cash value, which USAA well knows from a persuasive court ruling directly on point.

### Factual Allegations as to USAA's Treatment of Mack

25.     On or about February 7, 2019, Mack's vehicle ("Covered Vehicle"), a 2011 Chevrolet Equinox 4D LS, was involved in a motor vehicle accident which rendered the vehicle a total loss. At that time, Mack was a contracting party and named insured under the Policy issued by USAA, which was in full force and effect.

26.     On or about February 8, 2019, Mack made a total loss claim with USAA for payment on his Covered Vehicle. On or about February 9, 2019, USAA affirmed Collision coverage for the Covered Vehicle as a total loss.

27.     On February 12, 2019, under a cover letter of that date, USAA sent Mack a CCC Report claiming an "Adjusted Vehicle Value" of the Covered Vehicle of $5,967.00. This value represented a "Base Vehicle Value" of $5,727, plus a combined "component condition adjustment" of +$240 for the condition of the Covered Vehicle.  The CCC system calculated the "Base Vehicle Value" of $5,727 by averaging the adjusted prices of eleven "comparable vehicles," none of which CCC claimed to have inspected.  The advertised prices of the "comparable vehicles" ranged from a low of $4,472 to a high of $6,560. Despite this huge variance in advertised price, the CCC system applied a "Uniform Condition Adjustment" of -$575.00 to all eleven "comparable vehicles" used to calculate the "Base Vehicle Value." Neither the cover letter nor the CCC Report contained an adjustment for or offered to pay dealer or title/license fees. A redacted copy of the February 12, 2019 cover letter and enclosed CCC Report is attached hereto as "**Exhibit A**."

28.     On April 1, 2019, on behalf of himself and all similarly situated USAA Florida automobile policyholders, Mack served USAA with a letter demanding that within ten days USAA review and respond to his letter demanding compliance with Fla. Stat. § 626.9743. A redacted copy of the April 1, 2019 letter is attached hereto as "**Exhibit B**."

29.     On April 2, 2019, the USAA adjuster communicated via letter to Mack its unfounded denial of coverage, stating "I have reviewed and what we are responsible for [sic] a Florida policy is actual cash value and tax." In addition to ignoring Mack's demand to recalculate actual cash value with a valid methodology, this communication constitutes a statement that it is USAA's position that, under Florida law and the terms of the Policy, the Policy does not provide coverage for title/license and dealer fees. A copy of USAA's April 2, 2019 response letter is attached hereto as "**Exhibit C**."

30.     USAA maintains that its use of the CCC system to calculate the actual cash values of Mack's and the other Class members' cars met the requirements of Florida law and the Policy. USAA additionally maintains that it was not required to pay Mack and the Class the dealer fees it could reasonably anticipate they would incur or title/license fees under Florida law and the Policy.

31.     Mack and the Class are in doubt of their rights as to whether their vehicles were valued with a method that complied with Fla. Stat. § 626.9743(5) and the Policy.

32.     Mack and the Class are further in doubt of their rights as to whether Fla. Stat. § 626.9743(5) and the Policy require payment of dealer fees and title/license fees by USAA.

33.     Mack and many members of the Class are still insured by USAA and they can reasonably expect that they may suffer additional total losses in the future and they are in doubt as to their rights in that event.

## **Class Action Allegations**

9.      Pursuant to Florida Rule of Civil Procedure 1.220(b)(1)(A), (2) & (3), Mack brings Count I of this action for declaratory judgment on his own behalf and on behalf of the Class defined below. Pursuant to Rule 1.220(b)(1)(A) & (3), he brings Count II for breach of contract on his own behalf and on behalf of the Class defined below.

10.      The Class consists of and is defined as all individuals who: (a) on or after April 22, 2014; (b) are or were covered by a USAA Florida personal automobile insurance policy; (c) made a claim under the Collision or Comprehensive coverage of that policy for damage or loss to a covered vehicle which USAA accepted and treated as a total loss claim; and (d) USAA paid the claim or offered to pay the claim (which offer remains unaccepted) on a cash settlement basis with the actual cash value derived from the CCC system  (hereafter the "Class"). The class period will be from April 22, 2014, to the date of class certification (hereinafter the "Class Period").

11.       Mack reserves the right to amend the Class and/or add sub-class definitions as discovery proceeds and to conform to the evidence.

12.      While the exact number of Class members is unknown at this time, Mack submits, based upon his counsel's representation of automobile accident victims in Florida, that there are at least a hundred USAA policyholders spread throughout the State of Florida who are potential Class members in this action.   Accordingly, separate joinder of all Class members would be impracticable.

13.      This action poses questions of law and fact that are common to and affect the rights of all members of the Class. Such questions of law and fact common to the Class include, but are not limited to, the following:

   a.  Whether USAA's use of the CCC system to adjust and settle first-party motor vehicle total loss claims breaches the Policy and violates Florida law?

b.  Whether USAA's refusal to pay dealer fees breaches the Policy and violates Florida law?

c.  Whether USAA's refusal to pay title/license fees breaches the Policy and violates Florida law?

d.  Whether Mack and the other Class members were damaged in the amount of the title/license fees USAA refused to pay?

e.  Whether Mack and the other Class members are entitled to a declaration of their rights under the Policy and Florida law?

f.  Whether Mack and the other Class members are entitled to recover reasonable attorneys' fees and costs in connection with the successful prosecution of their declaratory judgment and/or breach of contract causes of action?

14.   Mack's claims are typical of the claims of the other members of the Class, because they all arise out of the exact same policies and practices of USAA and under the exact same theories of law.

15.   Mack will adequately represent the Class, because he and the undersigned counsel he has retained have no conflicts of interest with the other Class members, he is ready, willing and able to represent the Class, and the undersigned retained attorneys are very experienced class action practitioners with extensive experience in prosecuting class actions against automobile insurers.

16.   Mack and the Class's declaratory judgment and breach of contract causes of action may be maintained as a class action pursuant to Rule 1.220(b)(1)(A), because the prosecution of separate claims by individual Class members would create a risk of inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for USAA.  For example, the court in one case might rule that USAA must pay dealer fees while another might rule that it does not have to do so.  USAA would be left in

an untenable legal limbo in such an event, because Florida law requires it to treat all insureds the same under similar circumstances.

17.     Mack's declaratory judgment cause of action may also be maintained as a class action pursuant to Rule 1.220(b)(2), because USAA has acted and refused to act on grounds generally applicable to all members of the Class, thereby making final declaratory relief concerning the Class as a whole appropriate.  Specifically, USAA has in the past and will in the future adjust total loss claims the exact same way in breach of the Policy and in violation of Florida law, making declaratory relief for the Class as to its members' rights under the Policy and Florida law appropriate.

18.     Mack's declaratory judgment and breach of contract causes of action may also be maintained as a class action pursuant to Rule 1.220(b)(3), because the questions of law or fact common to Mack and the Class predominate over any questions of law or fact affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. As demonstrated by paragraph 46 above, all the questions necessary for resolution of USAA's liability to Mack and the Class are common.  The only individual issues are the amounts of damages, and they may be calculated on a mechanical, ministerial basis without the need for the trier of fact to individually decide them.

19.     A reasonable assumption for a cash settlement is that each Class member will necessarily incur a $75.25 transfer of title fee without lien, a $2.50 title transfer service fee, a $4.50 license plate transfer fee, and a $1.00 air pollution control fee, making all Class members entitled to recover the exact same $83.25 for USAA's refusal to pay title and license registration fees, as a matter of law.

20.     A class action is superior because the amounts recoverable by individual Class members are not sufficient to justify individual suits against a large corporation like USAA which can be

expected to vigorously defend every such suit as a matter of precedent. For that reason, Class members do not have a real interest in individually controlling their separate claims.  Further, the overwhelming majority of Class members do not even know they have such claims to sue over. This is demonstrated by the fact that there do not appear be any pending individual suits against USAA in Florida over these issues. Simply put, there are no alternatives to a class action to resolve this controversy.

21.    Even if individual suits were feasible and likely to be filed, it would be highly inefficient and a waste of the parties' and the court system's resources to repeatedly adjudicate the same factual and legal issues.  Plus, it could result in undesirable inconsistent adjudications as set forth above.  Thus, it is highly desirable to concentrate the litigation in this forum, which is well equipped to resolve the controversy for all Class members and USAA.

22.    There are no unusual difficulties likely to be encountered in the management of this case as a class action.  Florida law applies to all Class members' claims, and the legal issues are simple matters of statutory and contractual interpretation. All Class members are readily ascertainable from USAA's records, including physical addresses and email addresses (in most cases), making the provision of notice routine. And, as previously explained, damages are easily and readily calculable for each Class member on a mechanical, ministerial basis.

### Count I – Petition for Declaratory Judgment and Supplemental relief

23.    Mack and the Class re-allege and incorporate by reference Paragraphs 1-55 above.

24.    This Count is an action for declaratory judgment and supplemental relief pursuant to Chapter 86, Florida Statutes.

25.    A controversy exists presently between Mack, the Class, and USAA as to whether USAA uses a vehicle valuation method that complies with Florida law and the Policy's Collison coverage, as well as whether the Policy's Collison coverage requires payment of dealer fees and

title/license fees.

26.     Mack and the Class are in doubt concerning their rights under the Policy's Collison Coverage, and bona fide present controversies exist between Mack, the Class and USAA concerning the proper interpretation and the express terms of the Policy issued by USAA, and other applicable law, and the parties' respective rights and obligations thereunder. In addition, because Mack and many members of the Class are still insured by USAA and could reasonably anticipate suffering another total loss in the future, they are further in doubt about their rights under the Policy.

27.     The rights, status, or other equitable or legal relations of the parties are affected by the express terms of the Policy and applicable law. Accordingly, pursuant to Chapter 86, Florida Statutes, Mack and the Class may obtain a declaration of their rights, status, or other equitable or legal relations thereunder.

28.     Section 86.011, Florida Statutes states that this Court has "jurisdiction … to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed."

29.     Section 86.111, Florida Statutes states, "The existence of another adequate remedy does not preclude a judgment for declaratory relief." Thus, regardless of whether damages are available to Mack and the Class, this Court still has jurisdiction to determine the parties' respective rights, status, and other equitable or legal relations under the insurance policy and applicable law.

30.     Section 86.011(2), Florida Statutes states that "The court may render declaratory judgments on the existence, or non-existence … Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future." Thus, the Court still

has jurisdiction to determine whether USAA's past conduct has been unlawful in order to prevent the same unlawful conduct in the future.

31.     Section 86.021, Florida Statutes states, "Any person claiming to be interested or who may be in doubt about his or her rights under a … contract, … or whose rights, status, or other equitable or legal relations are affected by a statute … may have determined any question of construction or validity arising under such statute, … contract, … or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder." Thus, the Court has jurisdiction to determine the rights of "any person" (such as Mack and the Class) who is in doubt about his rights under the Policy and any applicable laws.

32.     Section 86.031, Florida Statutes states, "A contract may be construed either before or after there has been a breach of it." Under this statute, the Court has jurisdiction to determine whether USAA has violated the terms of the Policy and applicable law and whether its conduct will violate the Policy and applicable law in the future.

33.     Section 86.051, Florida Statutes states, "Any declaratory judgment rendered pursuant to this chapter may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the judgment shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered." This statute confirms that the Court has jurisdiction to determine the legality of the USAA 's past conduct in order to gauge its anticipated future conduct and to prevent unlawful conduct in the future.

34.     Section 86.071, Florida Statutes states, in pertinent part, that when a declaratory action "concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending. To settle questions of fact

necessary to be determined before judgment can be rendered, the court may direct their submission to a jury." Thus, the existence of disputed fact issues does not prevent the Court from providing declaratory relief under Chapter 86.

35.     Section 86.061, Florida Statutes provides, in pertinent part, the Court may grant further or supplemental relief based on a declaratory judgment.

36.     A determination of the rights of Mack and the Class under the Policy and law regarding the Policy's Collision coverage for the underlying total loss claims will terminate the controversies specified in the previous paragraphs.

37.     Mack and the Class now petition this Court for a declaration that USAA's use of the CCC System is an invalid method of valuing vehicles under Fla. Stat. § 626.9743(5) and the Policy. They also seek further or supplemental relief in the form of an order that USAA must recalculate their total loss claims using a method that complies with Fla. Stat. § 626.9743(5) and make them new offers based upon the same if the recalculated amounts exceed the amounts paid based on the CCC system.

38.     Mack and the Class additionally petition this Court for a declaration that Fla. Stat. § 626.9743(5) and the Policy require payment of dealer fees and title/license fees as part as part of a total loss settlement. He also seeks further or supplemental relief in the form of an order requiring USAA to offer dealer fees to Mack and the Class and requiring USAA pay Mack and the Class $83.25 for title/license fees

39.     Mack has retained the undersigned counsel to prosecute this action and he is entitled to recover his reasonable attorneys' fees and costs for pursuing this cause of action pursuant to Fla. Stat. § 627.428.

### Count II- Class Action for Breach of Contract Based on License/Transfer Fees

40.     Mack and the Class re-allege and incorporate by reference Paragraphs 1-55 above.

41.     The Policy constituted binding contacts between USAA and Mack and the other Class members. By its own terms and Florida law, to the extent the Policy's express terms regarding the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value vary from the provisions of Fla. Stat. § 626.9743(5)(a), it is deemed reformed to conform with that statute.

42.     As explained above, by refusing to pay Mack and the Class $83.25 in license/transfer fees owed to them under Florida law, USAA breached the Policy. Such breach proximately injured Mack and each Class member in the aforementioned amount.

43.     Pursuant to Fla. Stat. § 627.428, Mack is entitled to recover his reasonable attorneys' fees and costs incurred in prosecuting this suit.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Leroy Mack and the Class respectfully request the Court to award them the following relief against USAA:

a.     Issue an order certifying that this action is properly maintainable as a class action under Rule 1.220(b)(1)(a), (2) and/or (3) and appointing Mack to represent the Class defined herein;

b.     Issue an order appointing the undersigned law firms as class counsel;

c.     Grant a judgment pursuant to Count I against USAA to Mack and the other members of the Class declaring the parties' respective rights and obligations under the Policy and Florida law and ordering further or supplemental relief as set forth above;

d.     Grant a judgment pursuant to Count II against USAA awarding Mack and the other members of the Class damages for breach of contract as set forth above;

e.     Grant a judgment against USAA pursuant to Counts I and/or II awarding Mack and the Class their reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. §

627.428;

f.      Grant a judgment pursuant to Count II against USAA awarding Mack and the Class pre-judgment and post-judgment interest at the maximum rates permissible at law or in equity; and

g.      Grant a judgment against USAA awarding Mack and the Class all such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

**<u>Demand for Jury Trial</u>**

Mack and the Class hereby demand a trial by jury on all the issues so triable.

Respectfully Submitted,

*/s/Scott R. Jeeves*
Scott R. Jeeves, Esquire FBN 0905630
Primary Email: sjeeves@jeeveslawgroup.com
Secondary Email: khill@jeeveslawgroup.com
                    lawclerk@jeeveslawgroup.com
rmandel@jeevesmandellawgroup.com
**THE JEEVES LAW GROUP, P.A**.
954 First Avenue North
St. Petersburg, FL 33705
Telephone: (727) 894-2929

and

Craig E. Rothburd, Esquire FBN 49182
Email: crothburd@e-rlaw.com
**CRAIG E. ROTHBURD, P.A.**
320 W. Kennedy Blvd., Suite 700
Tampa, FL 33606
Telephone: (813) 251-8800

and

Casim Adam Neff, Esquire FBN 94030
**Neff Insurance Law, PLLC**

P.O. Box 15063
St. Petersburg, FL 33733-5063
Telephone: (727) 342-0617
Primary: cneff@neffinsurancelaw.com

and

Edward H. Zebersky, Esq. FBN 0908370
Mark S. Fistos, Esq. FBN 909191
**ZEBERSKY PAYNE, LLP**
110 S.E. 6th Street, Suite 210
Ft. Lauderdale, FL 33301
Telephone: (954) 989-6333
Emails: ezebersky@zpllp.com;
mfistos@zpllp.com; ndiaz@zpllp.com

and

Alec H. Schultz, Esq. FBN 35022
Carly A. Kligler, Esq. FBN 83990
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: (305) 740-1975
Primary: ashultz@leoncosgrove.com;
ckligler@leoncosgrove.com

and

Arthur M. Murray, (La. Bar # 27694)
*(to appear pro hac vice)*
**MURRAY LAW FIRM**
Suite 2150 Poydras Center
650 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 525-8100
Facsimile: (504) 584-5249
Email: amurray@murray-lawfirm.com


**ATTORNEYS FOR PLAINTIFF LEROY
MACK AND THE CLASS**

Exhibit A



USAA Casualty Insurance Company

# NEXT STEPS FOR YOUR TOTAL LOSS PAYMENT

LEROY MACK JR
10321 BOGGY MOSS DR
RIVERVIEW FL 33578-9503

   **Take Next Steps for Your Total Loss Payment**

February 12, 2019

Dear Mr. Mack,

Your total loss payment has been calculated based on your decision to transfer your vehicle ownership and is now ready. Your claim payment will be issued once we have all signed forms.

**Ownership of Your Vehicle Will Transfer to USAA**
After the transfer is completed, we'll sell the vehicle at auction, and you'll no longer have the right to access, inspect or use the vehicle as evidence in any legal action. Also, we want to remind you to remove any belongings you may have in the vehicle as soon as possible.

**Claim Information Enclosed for Your Records**
We've enclosed the following documents:

- An information sheet with details about your claim and payment amount based on our agreement with you. The sheet also includes important information from your state.
- Our Total Loss Valuation, which is our assessment of the vehicle's damages.

Please keep these documents for your records.

## How to Contact Us
Please send any correspondence or questions to us using one of the following options and include the claim/reference number above on each page:

| | | |
|---|---|---|
| 💻 | **usaa.com or our mobile app:** | Upload documents or post a secure message to your claim file through the Claim Communication Center. |
| ✉️ | **Address:** | USAA Claims Department<br>P.O. Box 33490<br>San Antonio, TX 78265 |
| 🖨️ | **Fax:** | 1-800-531-8669 |
| 📞 | **Phone:** | 210-531-USAA (8722), our mobile shortcut #8722 or 800-531-8722. |

023645516 - 009 - 9019 - 05

126164-0318

Thank you,
USAA Total Theft/Fire Department
USAA Casualty Insurance Company

Enclosed:    Claim, Payment And State Information
             CCC TOTAL LOSS VALUATION



USAA Casualty Insurance Company

# CLAIM AND PAYMENT INFORMATION

---

Following are details about your claim and claim payment:

**Claim:**

| | |
|---|---|
| Registered owner: | Leroy Mack |
| USAA policyholder: | Angela Mack |
| Claim number: | 023645516–009 |
| Loss location: | Tampa, FL |
| Date of loss: | February 7, 2019 |
| Vehicle information: | 2011 CHEVROLET EQUINOX 4D LS |
| VIN: | 2GNALBEC3B1230690 |

**Payment:**

| | |
|---|---|
| Vehicle's actual cash value: | $5,967.00 |
| Sales tax: | $483.02 |
| Partial or Prior Payments: | $0.00 |
| Collision Deductible: | -$500.00 |
| **Net Total:** | **$5,950.02** |

 **MARKET VALUATION REPORT**

*Prepared for USAA CASUALTY INSURANCE COMPANY*

#  REPORT SUMMARY

## CLAIM INFORMATION

| | |
|---|---|
| Owner | Mack, Angela |
| | 10321 Boggy Moss Dr |
| | Riverview, FL 33578 |
| Loss Vehicle | 2011 Chevrolet Equinox LS FWD |
| Loss Incident Date | 02/07/2019 |
| Claim Reported | 02/08/2019 |

The CCC ONE® Market Valuation Report reflects CCC Information Services Inc.'s opinion as to the value of the loss vehicle, based on information provided to CCC by USAA CASUALTY INSURANCE COMPANY.

Loss vehicle has 50% greater than average mileage of 116,000.

##  INSURANCE INFORMATION

| | |
|---|---|
| Report Reference Number | 91793223 |
| Claim Reference | 023645516000000009001 |
| Adjuster | Keller, Bryan |
| Odometer | 173,614 |
| Last Updated | 02/08/2019 10:20 AM |

## VALUATION SUMMARY

| | |
|---|---:|
| **Base Vehicle Value** | **$ 5,727.00** |
| Condition Adjustment | + $ 240.00 |
| **Adjusted Vehicle Value** | **$ 5,967.00** |
| Vehicular Tax (8.0949%) | + $ 483.02 |
| Tax reflects applicable state, county and municipal taxes. | |

# Total          $ 6,450.02

The total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account.

### BASE VEHICLE VALUE

This is derived per our Valuation methodology described on the next page.

### ADJUSTED VEHICLE VALUE

This is determined by adjusting the Base Vehicle Value to account for the actual condition of the loss vehicle and certain other reported attributes, if any, such as refurbishments and after factory equipment.

### Inside the Report

Valuation Methodology...........................2
Vehicle Information...................................3
Vehicle Condition....................................6
Comparable Vehicles...............................7
Valuation Notes......................................13
Supplemental Information.....................14

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

USAA Confidential

0901119ca2979502

**CCC⬡ONE**  **MARKET VALUATION REPORT**

Owner: Mack, Angela
Claim: 023645516000000009001

# VALUATION METHODOLOGY

### How was the valuation determined?



**CLAIM INSPECTION**

USAA CASUALTY INSURANCE COMPANY has provided CCC with the zip code where the loss vehicle is garaged, loss vehicle VIN, mileage, equipment, as well as loss vehicle condition, which is used to assist in determining the value of the loss vehicle.



**DATABASE REVIEW**

CCC maintains an extensive database of vehicles that currently are or recently were available for sale in the U.S. This database includes vehicles that CCC employees have physically inspected, as well as vehicles advertised for sale by dealerships or private parties. All of these sources are updated regularly.

**SEARCH FOR COMPARABLES**

When a valuation is created the database is searched and comparable vehicles in the area are selected. The zip code where the loss vehicle is garaged determines the starting point for the search. Comparable vehicles are similar to the loss vehicle based on relevant factors.



**CALCULATE BASE VEHICLE VALUE**

Adjustments to the price of the selected comparable vehicles are made to reflect differences in vehicle attributes, including mileage and options. Dollar adjustments are based upon market research.

Finally, the Base Vehicle Value is the straight average of the adjusted values of the comparable vehicles.



© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

0901119ca2979502

USAA Confidential

 **MARKET VALUATION REPORT** | Owner: Mack, Angela
Claim: 023645516000000009001

# 🚗 VEHICLE INFORMATION

## VEHICLE DETAILS

| | |
|---|---|
| Location | RIVERVIEW, FL 33578 |
| VIN | 2GNALBEC3B1230690 |
| Year | 2011 |
| Make | Chevrolet |
| Model | Equinox |
| Trim | LS |
| Body Style | FWD |
| Body Type | Sports Utility |
| Engine - | |
|     Cylinders | 4 |
|     Displacement | 2.4L |
|     Fuel Type | Gasoline |
|     Carburation | SIDI |
| Transmission | Automatic Transmission |
| Curb Weight | 3786 lbs |

Vehicles sold in the United States are required to have a manufacturer assigned Vehicle Identification Number(VIN). This number provides certain specifications of the vehicle.

Please review the information in the Vehicle Information Section to confirm the reported mileage and to verify that the information accurately reflects the options, additional equipment or other aspects of the loss vehicle that may impact the value.

## VEHICLE HISTORY SUMMARY

| | | |
|---|---|---|
| CCC VINguard® | | |
| | 1 Vehicle Market History Information | 03/14/2015 |
| Experian AutoCheck | No Title Problem Found | |
| National Highway Traffic Safety Administration | 3 Recalls | |

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

USAA Confidential

0901119ca2979502



**CCC** **ONE** **MARKET VALUATION REPORT** | Owner: Mack, Angela
Claim: 023645516000000009001

# VEHICLE INFORMATION

## VEHICLE EQUIPMENT

| | | |
|---|---|---|
| Odometer | 173,614 | |
| **Transmission** | Automatic Transmission | ✓ |
| **Power** | Power Steering | ✓ |
| | Power Brakes | ✓ |
| | Power Windows | ✓ |
| | Power Locks | ✓ |
| | Power Mirrors | ✓ |
| **Decor/Convenience** | Air Conditioning | ✓ |
| | Tilt Wheel | ✓ |
| | Cruise Control | ✓ |
| | Rear Defogger | ✓ |
| | Intermittent Wipers | ✓ |
| | Console/Storage | ✓ |
| | Keyless Entry | ✓ |
| | Telescopic Wheel | ✓ |
| | Message Center | ✓ |
| **Seating** | Cloth Seats | ✓ |
| | Bucket Seats | ✓ |
| | Reclining/Lounge Seats | ✓ |
| **Radio** | AM Radio | ✓ |
| | FM Radio | ✓ |
| | Stereo | ✓ |
| | Search/Seek | ✓ |
| | CD Player | ✓ |
| | Steering Wheel Touch Controls | ▤ |
| | Auxiliary Audio Connection | ✓ |
| | Satellite Radio | ✓ |
| **Wheels** | Aluminum/Alloy Wheels | ✓ |
| **Safety/Brakes** | Air Bag (Driver Only) | ✓ |
| | Passenger Air Bag | ✓ |
| | Anti-lock Brakes (4) | ✓ |
| | 4-wheel Disc Brakes | ✓ |

To the left is the equipment of the loss vehicle that USAA CASUALTY INSURANCE COMPANY provided to CCC.

✓ **Standard** This equipment is included in the base configuration of the vehicle at time of purchase.

▤ **Additional** Equipment that is not Standard but was noted to be on the loss vehicle.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

0901119ca2979502

USAA Confidential

# CCC≡ONE   MARKET VALUATION REPORT

Owner: Mack, Angela
Claim: 023645516000000009001

# 🚗 VEHICLE INFORMATION

## VEHICLE EQUIPMENT

|  |  |  |
|---|---|---|
|  | Front Side Impact Air Bags | ✔ |
|  | Head/Curtain Air Bags | ✔ |
|  | Communications System | ✔ |
|  | Hands Free | ✔ |
|  | Alarm | ✔ |
|  | Traction Control | ✔ |
|  | Stability Control | ✔ |
| **Exterior/Paint/Glass** | Dual Mirrors | ✔ |
|  | Aftermarket Film Tint | 🗒 |
|  | Rear Spoiler | 🗒 |
|  | Rear Window Wiper | ✔ |
|  | Clearcoat Paint | 🗒 |
| **Other - Trucks** | Rear Step Bumper | 🗒 |

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

USAA Confidential

0901119ca2979502

 **MARKET VALUATION REPORT**

Owner: Mack, Angela
Claim: 023645516000000009001

# 🚙 VEHICLE CONDITION

## COMPONENT CONDITION

|  | Condition | Inspection Notes | Value Impact |
|---|---|---|---|
| Mechanical | GOOD | SIGNIFICANT DIRT IN ENGINE COMPARTMENT, MINOR SEEPAGE | $ 0 |
| Tires | GOOD | R/F 4/32, R/R 7/32, L/R 5/32, L/F 5/32 | $ 0 |
| Paint | GOOD | FEW DEEP SCRATHCES, SLIGHT FADING | $ 0 |
| Body | VERY GOOD | FEW DINGS, NO RUST | $ 240 |
| Glass | GOOD | LIGHT SURFACE SCRATHCES, FEW CHIPS | $ 0 |
| Interior | GOOD | CARPETS SOILED, SEATS SIGNIFICANTLY SOILED AND WORN, DASHBOARD COMPONENTS WORN, MISSING SHIFT KNOB AND KEY FOB, HEADLINER LIGHTLY SOILED | $ 0 |
| **Total Condition Adjustments** | | | **$ 240** |

USAA CASUALTY INSURANCE COMPANY uses condition inspection guidelines to determine the condition of key components of the loss vehicle prior to the loss. The guidelines describe physical characteristics for these key components, for the condition selected based upon age. Inspection Notes reflect observations from the appraiser regarding the loss vehicle's condition.

CCC makes dollar adjustments that reflect the impact the reported condition has on the value of the loss vehicle as compared to Good condition. These dollar adjustments are based upon interviews with dealerships across the United States.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

USAA Confidential

0901119ca2979502

 **CCC ONE** MARKET VALUATION REPORT

Owner: Mack, Angela
Claim: 023645516000000009001

# COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 1 | Comp 2 | Comp 3 |
|---|---|---|---|---|
| Odometer | 173,614 | 67,613 | 84,051 | 78,819 |
| Automatic Transmission | ✓ | ✓ | ✓ | ✓ |
| Overdrive | ✗ | ✓ | ✓ | ✓ |
| Power Steering | ✓ | ✓ | ✓ | ✓ |
| Power Brakes | ✓ | ✓ | ✓ | ✓ |
| Power Windows | ✓ | ✓ | ✓ | ✓ |
| Power Locks | ✓ | ✓ | ✓ | ✓ |
| Power Mirrors | ✓ | ✓ | ✓ | ✓ |
| Air Conditioning | ✓ | ✓ | ✓ | ✓ |
| Tilt Wheel | ✓ | ✓ | ✓ | ✓ |
| Cruise Control | ✓ | ✓ | ✓ | ✓ |
| Rear Defogger | ✓ | ✓ | ✓ | ✓ |
| Intermittent Wipers | ✓ | ✓ | ✓ | ✓ |
| Console/Storage | ✓ | ✓ | ✓ | ✓ |
| Keyless Entry | ✓ | ✓ | ✓ | ✓ |
| Telescopic Wheel | ✓ | ✓ | ✓ | ✓ |
| Message Center | ✓ | ✓ | ✓ | ✓ |
| Cloth Seats | ✓ | ✓ | ✓ | ✓ |
| Bucket Seats | ✓ | ✓ | ✓ | ✓ |
| Reclining/Lounge Seats | ✓ | ✓ | ✓ | ✓ |
| AM Radio | ✓ | ✓ | ✓ | ✓ |
| FM Radio | ✓ | ✓ | ✓ | ✓ |
| Stereo | ✓ | ✓ | ✓ | ✓ |
| Search/Seek | ✓ | ✓ | ✓ | ✓ |
| CD Player | ✓ | ✓ | ✓ | ✓ |
| Steering Wheel Touch Controls | ✓ | ✓ | ✓ | ✓ |
| Auxiliary Audio Connection | ✓ | ✓ | ✓ | ✓ |
| Satellite Radio | ✓ | ✓ | ✓ | ✓ |
| Aluminum/Alloy Wheels | ✓ | ✓ | ✓ | ✓ |
| Drivers Side Air Bag | ✓ | ✓ | ✓ | ✓ |
| Passenger Air Bag | ✓ | ✓ | ✓ | ✓ |
| Anti-lock Brakes (4) | ✓ | ✓ | ✓ | ✓ |
| 4-wheel Disc Brakes | ✓ | ✓ | ✓ | ✓ |
| Front Side Impact Air Bags | ✓ | ✓ | ✓ | ✓ |
| Head/Curtain Air Bags | ✓ | ✓ | ✓ | ✓ |
| Communications System | ✓ | ✓ | ✓ | ✓ |
| Hands Free | ✓ | ✓ | ✓ | ✓ |
| Alarm | ✓ | ✓ | ✓ | ✓ |
| Traction Control | ✓ | ✓ | ✓ | ✓ |
| Stability Control | ✓ | ✓ | ✓ | ✓ |

Comp 1    Updated Date: 01/27/2019
**2011 Chevrolet Equinox Ls Fwd 4 2.4l Gasoline Sidi**
**VIN** 2GNALBEC1B1284036
**Dealership** Brandon Honda
**Telephone** (813) 664-1234
**Source** Truecar
**Stock #** B014298A
**Distance from Riverview, FL**
5 Miles - Tampa, FL

Comp 2    Updated Date: 12/15/2018
**2011 Chevrolet Equinox Ls Fwd 4 2.4l Gasoline Sidi**
**VIN** 2GNALBEC4B1335030
**Dealership** Unique Motors Of Tampa
**Telephone** (813) 443-0887
**Source** Autotrader
**Stock #** P318477
**Distance from Riverview, FL**
12 Miles - Tampa, FL

Comp 3    Updated Date: 01/06/2019
**2011 Chevrolet Equinox Ls Fwd 4 2.4l Gasoline Sidi**
**VIN** 2GNALBEC6B1242798
**Dealership** Xpress Auto Mall
**Telephone** (813) 327-3934
**Source** Truecar
**Stock #** 242798
**Distance from Riverview, FL**
13 Miles - Tampa, FL

**Comparable vehicles** used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value, and may no longer be available for sale.

**List Price** is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.

**Distance** is based upon a straight line between loss and comparable vehicle locations.

¹The **Condition Adjustment** sets that comparable vehicle to Good condition, which the loss vehicle is also compared to in the Vehicle Condition section.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

0901119ca2979502

USAA Confidential



**CCC⬥ONE  MARKET VALUATION REPORT** | Owner: Mack, Angela
Claim: 023645516000000009001

## 🔍 COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 1 | Comp 2 | Comp 3 |
|---|---|---|---|---|
| Dual Mirrors | ✓ | ✓ | ✓ | ✓ |
| Tinted Glass | ✗ | ✓ | ✓ | ✓ |
| Aftermarket Film Tint | ✓ | ✗ | ✗ | ✗ |
| Rear Spoiler | ✓ | ✗ | ✗ | ✗ |
| Rear Window Wiper | ✓ | ✗ | ✓ | ✓ |
| Clearcoat Paint | ✓ | ✗ | ✗ | ✗ |
| Metallic Paint | ✗ | ✓ | ✓ | ✗ |
| Rear Step Bumper | ✓ | ✗ | ✗ | ✗ |
| | | | | |
| **List Price** | | $ 9,998 | $ 8,978 | $ 9,700 |
| **Adjustments:** | | | | |
| Options | | + $ 26 | + $ 26 | + $ 26 |
| Mileage | | - $ 3,269 | - $ 2,875 | - $ 3,003 |
| Condition¹ | | - $ 575 | - $ 575 | - $ 575 |
| **Adjusted Comparable Value** | | **$ 6,180** | **$ 5,554** | **$ 6,148** |

| Options | Loss Vehicle | Comp 4 | Comp 5 | Comp 6 |
|---|---|---|---|---|
| Odometer | 173,614 | 138,136 | 107,623 | 85,000 |
| Automatic Transmission | ✓ | ✓ | ✓ | ✓ |
| Overdrive | ✗ | ✓ | ✓ | ✓ |
| Power Steering | ✓ | ✓ | ✓ | ✓ |
| Power Brakes | ✓ | ✓ | ✓ | ✓ |
| Power Windows | ✓ | ✓ | ✓ | ✓ |
| Power Locks | ✓ | ✓ | ✓ | ✓ |
| Power Mirrors | ✓ | ✓ | ✓ | ✓ |
| Air Conditioning | ✓ | ✓ | ✓ | ✓ |
| Tilt Wheel | ✓ | ✓ | ✓ | ✓ |
| Cruise Control | ✓ | ✓ | ✓ | ✓ |
| Rear Defogger | ✓ | ✓ | ✓ | ✓ |
| Intermittent Wipers | ✓ | ✓ | ✓ | ✓ |
| Console/Storage | ✓ | ✓ | ✓ | ✓ |
| Keyless Entry | ✓ | ✓ | ✓ | ✓ |
| Telescopic Wheel | ✓ | ✓ | ✓ | ✓ |
| Message Center | ✓ | ✓ | ✓ | ✓ |
| Cloth Seats | ✓ | ✓ | ✓ | ✓ |
| Bucket Seats | ✓ | ✓ | ✓ | ✓ |
| Reclining/Lounge Seats | ✓ | ✓ | ✓ | ✓ |
| AM Radio | ✓ | ✓ | ✓ | ✓ |

**Comp 4**     Updated Date: 11/14/2018
**2011 Chevrolet Equinox Ls Fwd 4 2.4l**
**Gasoline Sidi**
VIN 2GNALBEC5B1190614
**Dealership** Cox Chevrolet
**Telephone** (888) 401-6753
**Source** Dealer Ad
**Stock #** 25677EA
**Distance from Riverview, FL**
33 Miles - Bradenton, FL

**Comp 5**     Updated Date: 11/16/2018
**2011 Chevrolet Equinox Ls Fwd 4 2.4l**
**Gasoline Sidi**
VIN 2CNALBEC3B6301264
**Dealership** Brandon Honda
**Contact** Jc Lagreca
**Telephone** (813) 664-1234
**Source** Inspected Inventory
**Stock #** B032763A
**Distance from Riverview, FL**
5 Miles - Tampa, FL

**Comp 6**     Updated Date: 01/07/2019
**2011 Chevrolet Equinox Ls Fwd 4 2.4l**
**Gasoline Sidi**
VIN 2GNALBEC7B1252840
**Dealership** Regal Honda Acura Gmc
**Telephone** (863) 899-9965

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

USAA Confidential

0901119ca2979502

 **CCC ONE** MARKET VALUATION REPORT | Owner: Mack, Angela
Claim: 023645516000000009001

# COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 4 | Comp 5 | Comp 6 |
|---|---|---|---|---|
| FM Radio | ✓ | ✓ | ✓ | ✓ |
| Stereo | ✓ | ✓ | ✓ | ✓ |
| Search/Seek | ✓ | ✓ | ✓ | ✓ |
| CD Player | ✓ | ✓ | ✓ | ✓ |
| Steering Wheel Touch Controls | ✓ | ✗ | ✓ | ✓ |
| Auxiliary Audio Connection | ✓ | ✓ | ✓ | ✓ |
| Satellite Radio | ✓ | ✓ | ✓ | ✓ |
| Aluminum/Alloy Wheels | ✓ | ✓ | ✓ | ✓ |
| Drivers Side Air Bag | ✓ | ✓ | ✓ | ✓ |
| Passenger Air Bag | ✓ | ✓ | ✓ | ✓ |
| Anti-lock Brakes (4) | ✓ | ✓ | ✓ | ✓ |
| 4-wheel Disc Brakes | ✓ | ✓ | ✓ | ✓ |
| Front Side Impact Air Bags | ✓ | ✓ | ✓ | ✓ |
| Head/Curtain Air Bags | ✓ | ✓ | ✓ | ✓ |
| Communications System | ✓ | ✓ | ✓ | ✓ |
| Hands Free | ✓ | ✓ | ✓ | ✓ |
| Alarm | ✓ | ✓ | ✓ | ✓ |
| Traction Control | ✓ | ✓ | ✓ | ✓ |
| Stability Control | ✓ | ✓ | ✓ | ✓ |
| Dual Mirrors | ✓ | ✓ | ✓ | ✓ |
| Tinted Glass | ✗ | ✓ | ✓ | ✓ |
| Aftermarket Film Tint | ✓ | ✗ | ✗ | ✗ |
| Rear Spoiler | ✓ | ✗ | ✓ | ✓ |
| Rear Window Wiper | ✓ | ✓ | ✓ | ✓ |
| Clearcoat Paint | ✓ | ✗ | ✗ | ✗ |
| Metallic Paint | ✗ | ✗ | ✗ | ✗ |
| Rear Step Bumper | ✓ | ✗ | ✗ | ✗ |
| **List Price** | | $ 7,429 | | $ 8,900 |
| **Take Price** | | | $ 8,000 | |
| **Adjustments:** | | | | |
| Options | | + $ 52 | + $ 26 | + $ 26 |
| Mileage | | - $ 576 | - $ 2,009 | - $ 2,850 |
| Condition[1] | | - $ 575 | - $ 575 | - $ 575 |
| **Adjusted Comparable Value** | | **$ 6,330** | **$ 5,442** | **$ 5,501** |

| Options | Loss Vehicle | Comp 7 | Comp 8 | Comp 9 |
|---|---|---|---|---|
| Odometer | 173,614 | 88,688 | 116,635 | 73,267 |

**Source** Autotrader
**Stock #** 18H1732B
**Distance from Riverview, FL**
27 Miles - Lakeland, FL

**Comparable vehicles** used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value, and may no longer be available for sale.

**List Price** is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.

**Take Price** is the amount that the dealership will accept to sell the inspected vehicle, though a lower price may be obtainable through negotiation.

**Distance** is based upon a straight line between loss and comparable vehicle locations.

[1]The **Condition Adjustment** sets that comparable vehicle to Good condition, which the loss vehicle is also compared to in the Vehicle Condition section.

Comp 7    Updated Date: 01/08/2019
**2011 Chevrolet Equinox Ls Fwd 4 2.4l Gasoline Sidi**

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

Page 9 of 19

USAA Confidential

0901119ca2979502



# CCC ONE  MARKET VALUATION REPORT

Owner: Mack, Angela
Claim: 023645516000000009001

## COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 7 | Comp 8 | Comp 9 |
|---|---|---|---|---|
| Automatic Transmission | ✓ | ✓ | ✓ | ✓ |
| Overdrive | ✗ | ✓ | ✓ | ✓ |
| Power Steering | ✓ | ✓ | ✓ | ✓ |
| Power Brakes | ✓ | ✓ | ✓ | ✓ |
| Power Windows | ✓ | ✓ | ✓ | ✓ |
| Power Locks | ✓ | ✓ | ✓ | ✓ |
| Power Mirrors | ✓ | ✓ | ✓ | ✓ |
| Air Conditioning | ✓ | ✓ | ✓ | ✓ |
| Tilt Wheel | ✓ | ✓ | ✓ | ✓ |
| Cruise Control | ✓ | ✓ | ✓ | ✓ |
| Rear Defogger | ✓ | ✓ | ✓ | ✓ |
| Intermittent Wipers | ✓ | ✓ | ✓ | ✓ |
| Console/Storage | ✓ | ✓ | ✓ | ✓ |
| Keyless Entry | ✓ | ✓ | ✓ | ✓ |
| Telescopic Wheel | ✓ | ✓ | ✓ | ✓ |
| Message Center | ✓ | ✓ | ✓ | ✓ |
| Cloth Seats | ✓ | ✓ | ✓ | ✓ |
| Bucket Seats | ✓ | ✓ | ✓ | ✓ |
| Reclining/Lounge Seats | ✓ | ✓ | ✓ | ✓ |
| AM Radio | ✓ | ✓ | ✓ | ✓ |
| FM Radio | ✓ | ✓ | ✓ | ✓ |
| Stereo | ✓ | ✓ | ✓ | ✓ |
| Search/Seek | ✓ | ✓ | ✓ | ✓ |
| CD Player | ✓ | ✓ | ✓ | ✓ |
| Steering Wheel Touch Controls | ✓ | ✗ | ✓ | ✓ |
| Auxiliary Audio Connection | ✓ | ✓ | ✓ | ✓ |
| Satellite Radio | ✓ | ✓ | ✓ | ✓ |
| Aluminum/Alloy Wheels | ✓ | ✓ | ✓ | ✓ |
| Drivers Side Air Bag | ✓ | ✓ | ✓ | ✓ |
| Passenger Air Bag | ✓ | ✓ | ✓ | ✓ |
| Anti-lock Brakes (4) | ✓ | ✓ | ✓ | ✓ |
| 4-wheel Disc Brakes | ✓ | ✓ | ✓ | ✓ |
| Front Side Impact Air Bags | ✓ | ✓ | ✓ | ✓ |
| Head/Curtain Air Bags | ✓ | ✓ | ✓ | ✓ |
| Communications System | ✓ | ✓ | ✓ | ✓ |
| Hands Free | ✓ | ✓ | ✓ | ✓ |
| Alarm | ✓ | ✓ | ✓ | ✓ |
| Traction Control | ✓ | ✓ | ✓ | ✓ |
| Stability Control | ✓ | ✓ | ✓ | ✓ |
| Dual Mirrors | ✓ | ✓ | ✓ | ✓ |

**VIN** 2GNALBECXB1188082
**Dealership** Cox Chevrolet
**Telephone** (888) 239-2612
**Source** Autotrader
**Stock #** Q196681A
**Distance from Riverview, FL**
33 Miles - Bradenton, FL

**Comp 8**    Updated Date: 01/14/2019
**2011 Chevrolet Equinox Ls Fwd 4 2.4l Gasoline Sidi**
**VIN** 2GNALBEC2B1188271
**Dealership** Red Hoagland Hyundai
**Telephone** (877) 512-2811
**Source** Autotrader
**Stock #** 188271
**Distance from Riverview, FL**
41 Miles - Winter Haven, FL

**Comp 9**    Updated Date: 01/20/2019
**2011 Chevrolet Equinox Ls Fwd 4 2.4l Gasoline Sidi**
**VIN** 2GNALBEC0B1253201
**Dealership** Sunset Cadillac Of Sarasota
**Telephone** (941) 922-1571
**Source** Truecar
**Stock #** 38267A
**Distance from Riverview, FL**
40 Miles - Sarasota, FL

**Comparable vehicles** used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value, and may no longer be available for sale.

**List Price** is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.

**Distance** is based upon a straight line between loss and comparable vehicle locations.

¹The **Condition Adjustment** sets that comparable vehicle to Good condition, which the loss vehicle is also compared to in the Vehicle Condition section.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

0901119ca2979502

USAA Confidential



**CCC ONE**    MARKET VALUATION REPORT

Owner: Mack, Angela
Claim: 023645516000000009001

## COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 7 | Comp 8 | Comp 9 |
|---|---|---|---|---|
| Tinted Glass | ✗ | ✔ | ✔ | ✔ |
| Aftermarket Film Tint | ✔ | ✗ | ✗ | ✗ |
| Rear Spoiler | ✔ | ✔ | ✗ | ✗ |
| Rear Window Wiper | ✔ | ✔ | ✔ | ✔ |
| Clearcoat Paint | ✔ | ✗ | ✗ | ✗ |
| Metallic Paint | ✗ | ✔ | ✔ | ✗ |
| Rear Step Bumper | ✔ | ✗ | ✗ | ✗ |
| **List Price** | | $ 9,829 | $ 7,980 | $ 9,499 |
| **Adjustments:** | | | | |
| Options | | + $ 52 | + $ 26 | + $ 26 |
| Mileage | | - $ 2,746 | - $ 1,501 | - $ 3,135 |
| Condition¹ | | - $ 575 | - $ 575 | - $ 575 |
| **Adjusted Comparable Value** | | **$ 6,560** | **$ 5,930** | **$ 5,815** |

| Options | Loss Vehicle | Comp 10 | Comp 11 |
|---|---|---|---|
| Odometer | 173,614 | 126,583 | 85,299 |
| Automatic Transmission | ✔ | ✔ | ✔ |
| Overdrive | ✗ | ✔ | ✔ |
| Power Steering | ✔ | ✔ | ✔ |
| Power Brakes | ✔ | ✔ | ✔ |
| Power Windows | ✔ | ✔ | ✔ |
| Power Locks | ✔ | ✔ | ✔ |
| Power Mirrors | ✔ | ✔ | ✔ |
| Air Conditioning | ✔ | ✔ | ✔ |
| Climate Control | ✗ | ✔ | ✗ |
| Tilt Wheel | ✔ | ✔ | ✔ |
| Cruise Control | ✔ | ✔ | ✔ |
| Rear Defogger | ✔ | ✔ | ✔ |
| Intermittent Wipers | ✔ | ✔ | ✔ |
| Console/Storage | ✔ | ✔ | ✔ |
| Keyless Entry | ✔ | ✔ | ✔ |
| Telescopic Wheel | ✔ | ✔ | ✔ |
| Message Center | ✔ | ✔ | ✔ |
| Cloth Seats | ✔ | ✔ | ✔ |
| Bucket Seats | ✔ | ✔ | ✔ |
| Reclining/Lounge Seats | ✔ | ✔ | ✔ |
| AM Radio | ✔ | ✔ | ✔ |

Comp 10    Updated Date: 01/06/2019
**2011 Chevrolet Equinox Ls Fwd 4 2.4l Gasoline Sidi**
**VIN** 2CNALBEC0B6263962
**Dealership** Brandon Hyundai
**Telephone** (813) 940-5028
**Source** Autotrader
**Stock #** Z005271A
**Distance from Riverview, FL**
5 Miles - Tampa, FL

Comp 11    Updated Date: 01/01/2019
**2011 Chevrolet Equinox Ls Fwd 4 2.4l Gasoline Sidi**
**VIN** 2CNALBEC7B6243370
**Dealership** Cox Chevrolet
**Telephone** (888) 239-2612
**Source** Autotrader
**Stock #** 25862EA
**Distance from Riverview, FL**
33 Miles - Bradenton, FL

**Comparable vehicles** used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value, and may no longer be available for sale.

USAA Confidential

0901119ca2979502

 **ONE** MARKET VALUATION REPORT

Owner: Mack, Angela
Claim: 023645516000000009001

## COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 10 | Comp 11 |
|---|---|---|---|
| FM Radio | ✓ | ✓ | ✓ |
| Stereo | ✓ | ✓ | ✓ |
| Search/Seek | ✓ | ✓ | ✓ |
| CD Player | ✓ | ✓ | ✓ |
| Steering Wheel Touch Controls | ✓ | ✗ | ✗ |
| Auxiliary Audio Connection | ✓ | ✓ | ✓ |
| Satellite Radio | ✓ | ✓ | ✓ |
| Aluminum/Alloy Wheels | ✓ | ✓ | ✓ |
| Drivers Side Air Bag | ✓ | ✓ | ✓ |
| Passenger Air Bag | ✓ | ✓ | ✓ |
| Anti-lock Brakes (4) | ✓ | ✓ | ✓ |
| 4-wheel Disc Brakes | ✓ | ✓ | ✓ |
| Front Side Impact Air Bags | ✓ | ✓ | ✓ |
| Head/Curtain Air Bags | ✓ | ✓ | ✓ |
| Communications System | ✓ | ✓ | ✓ |
| Hands Free | ✓ | ✓ | ✓ |
| Alarm | ✓ | ✓ | ✓ |
| Traction Control | ✓ | ✓ | ✓ |
| Stability Control | ✓ | ✓ | ✓ |
| Dual Mirrors | ✓ | ✓ | ✓ |
| Tinted Glass | ✗ | ✓ | ✓ |
| Aftermarket Film Tint | ✓ | ✗ | ✗ |
| Rear Spoiler | ✓ | ✓ | ✓ |
| Rear Window Wiper | ✓ | ✓ | ✓ |
| Clearcoat Paint | ✗ | ✗ | ✗ |
| Rear Step Bumper | ✓ | ✗ | ✗ |
| **List Price** | | $ 5,980 | $ 8,429 |
| **Adjustments:** | | | |
| Options | | + $ 52 | + $ 52 |
| Mileage | | - $ 985 | - $ 2,842 |
| Condition¹ | | - $ 575 | - $ 575 |
| **Adjusted Comparable Value** | | **$ 4,472** | **$ 5,064** |

**List Price** is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.

**Distance** is based upon a straight line between loss and comparable vehicle locations.

¹The **Condition Adjustment** sets that comparable vehicle to Good condition, which the loss vehicle is also compared to in the Vehicle Condition section.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

0901119ca2979502

USAA Confidential

 **MARKET VALUATION REPORT**

Owner: Mack, Angela
Claim: 023645516000000009001

# ✎ VALUATION NOTES

This Market Valuation Report has been prepared exclusively for use by USAA CASUALTY INSURANCE COMPANY, and no other person or entity is entitled to or should rely upon this Market Valuation Report and/or any of its contents. CCC is one source of vehicle valuations, and there are other valuation sources available.

Statutes concerning vehicle value include Florida Statute XXXVII - 626.9743.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

0901119ca2979502

**USAA Confidential**

 **CCC◢ONE** MARKET VALUATION REPORT | Owner: Mack, Angela
Claim: 023645516000000009001

# SUPPLEMENTAL INFORMATION

 **SALVAGE TITLE THRESHOLD**

Salvage title threshold amount:                    $ 4,740.00

**VEHICLE HISTORY INFORMATION**

**VINguard®**

VINguard® Message: VINguard has decoded this VIN without any errors

**Vehicle Market History Information:**

This vehicle was reported to CCC on 03/14/2015      Mileage: 81387

Location: TrueCar in BRADENTON, FL

---

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

USAA Confidential

0901119ca2979502



# CCC ONE  MARKET VALUATION REPORT

Owner: Mack, Angela
Claim: 023645516000000009001

## SUPPLEMENTAL INFORMATION

### EXPERIAN® AUTOCHECK® VEHICLE HISTORY REPORT

CCC provides USAA CASUALTY INSURANCE COMPANY information reported by Experian regarding the **2011 Chevrolet Equinox (2GNALBEC3B1230690)**. This data is provided for informational purposes. Unless otherwise noted in this Valuation Detail, CCC does not adjust the value of the loss vehicle based upon this information.

**LEGEND :**
- No Event Found
- Event Found
- Information Needed

| TITLE CHECK | RESULTS FOUND |
|---|---|
| Abandoned | ✔ No Abandoned Record Found |
| Damaged | ✔ No Damaged Record Found |
| Fire Damage | ✔ No Fire Damage Record Found |
| Grey Market | ✔ No Grey Market Record Found |
| Hail Damage | ✔ No Hail Damage Record Found |
| Insurance Loss | ✔ No Insurance Loss Record Found |
| Junk | ✔ No Junk Record Found |
| Rebuilt | ✔ No Rebuilt Record Found |
| Salvage | ✔ No Salvage Record Found |

**TITLE CHECK**

THIS VEHICLE CHECKS OUT

AutoCheck's result for this loss vehicle show no significant title events. When found, events often indicate automotive damage or warnings associated with the vehicle.

| EVENT CHECK | RESULTS FOUND |
|---|---|
| NHTSA Crash Test Vehicle | ✔ No NHTSA Crash Test Vehicle Record Found |
| Frame Damage | ✔ No Frame Damage Record Found |
| Major Damage Incident | ✔ No Major Damage Incident Record Found |
| Manufacturer Buyback/Lemon | ✔ No Manufacturer Buyback/Lemon Record Found |
| Odometer Problem | ✔ No Odometer Problem Record Found |
| Recycled | ✔ No Recycled Record Found |
| Water Damage | ✔ No Water Damage Record Found |
| Salvage Auction | ✔ No Salvage Auction Record Found |

**EVENT CHECK**

THIS VEHICLE CHECKS OUT

AutoCheck's result for this loss vehicle show no historical events that indicate a significant automotive problem. These problems can indicate past previous car damage, theft, or other significant problems.

| VEHICLE INFORMATION | RESULTS FOUND |
|---|---|
| Accident | ✔ No Accident Record Found |
| Corrected Title | ✔ No Corrected Title Record Found |
| Driver Education | ✔ No Driver Education Record Found |
| Fire Damage Incident | ✔ No Fire Damage Incident Record Found |
| Lease | ✔ No Lease Record Found |
| Lien | ✔ No Lien Record Found |
| Livery Use | ✔ No Livery Use Record Found |
| Government Use | ✔ No Government Use Record Found |
| Police Use | ✔ No Police Use Record Found |
| Fleet | ✔ No Fleet Record Found |
| Rental | ✔ No Rental Record Found |
| Fleet and/or Rental | ✔ No Fleet and/or Rental Record Found |
| Repossessed | ✔ No Repossessed Record Found |
| Taxi use | ✔ No Taxi use Record Found |
| Theft | ✔ No Theft Record Found |
| Fleet and/or Lease | ✔ No Fleet and/or Lease Record Found |
| Emissions Safety Inspection | ✔ No Emissions Safety Inspection Record Found |
| Duplicate Title | ✔ No Duplicate Title Record Found |

**VEHICLE INFORMATION**

THIS VEHICLE CHECKS OUT

AutoCheck's result for this loss vehicle show no vehicle information that indicate a significant automotive problem. These problems can indicate past previous car damage, theft, or other significant problems.

**ODOMETER CHECK**

THIS VEHICLE CHECKS OUT

AutoCheck's result for this loss vehicle show no indication of odometer rollback or tampering was found. AutoCheck determines odometer rollbacks by searching for records that indicate odometer readings less than a previously reported value. Other odometer events can report events of tampering, or possible odometer breakage.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

0901119ca2979502

USAA Confidential

 CCC═ONE  **MARKET VALUATION REPORT** | Owner: Mack, Angela
Claim: 023645516000000009001

# SUPPLEMENTAL INFORMATION

📖 **FULL HISTORY REPORT RUN DATE: 02/08/2019**

Below are the historical events for this vehicle listed in chronological order.

| EVENT DATE | RESULTS FOUND | ODOMETER READING | DATA SOURCE | EVENT DETAIL |
|---|---|---|---|---|
| 03/01/2011 | ARCADIA, FL | 5 | Dealer Record | VEHICLE IN DEALER INVENTORY |
| 03/01/2011 | ARCADIA, FL | | Dealer Record | VEHICLE REPORTED TO BE UNDER WARRANTY |
| 03/31/2011 | FL | 5 | Motor Vehicle Dept. | ODOMETER READING FROM DMV |
| 03/31/2011 | BRADENTON, FL | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 04/15/2011 | BRADENTON, FL | | Motor Vehicle Dept. | TITLE (Lien Reported) |
| 09/15/2011 | BRADENTON, FL | | Motor Vehicle Dept. | TITLE (Lien Reported) |
| 12/03/2011 | BRADENTON, FL | 18050 | Dealer Service | LUBE, OIL AND/OR FILTER CHANGED |
| 05/18/2012 | QUEENSBURY, NY | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 06/27/2012 | QUEENSBURY, NY | | Motor Vehicle Dept. | TITLE (Lien Reported) |
| 04/29/2014 | QUEENSBURY, NY | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 03/16/2015 | SARASOTA, FL | 81400 | Motor Vehicle Dept. | TITLE (Lien Reported) |
| 03/16/2015 | SARASOTA, FL | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 04/17/2015 | SARASOTA, FL | | Motor Vehicle Dept. | TITLE (Lien Reported) |
| 08/07/2015 | SARASOTA, FL | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 08/11/2016 | SARASOTA, FL | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 08/11/2017 | SARASOTA, FL | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 09/30/2017 | FL | 124460 | Motor Vehicle Dept. | ODOMETER READING FROM DMV |
| 10/06/2017 | FL | 124466 | Auto Auction | REPORTED AT AUTO AUCTION |
| 10/24/2017 | SARASOTA, FL | | Motor Vehicle Dept. | TITLE (Lien Reported) |
| 11/02/2017 | FL | 124466 | Motor Vehicle Dept. | ODOMETER READING FROM DMV |
| 11/02/2017 | PINELLAS PARK, FL | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 11/08/2017 | PINELLAS PARK, FL | | Motor Vehicle Dept. | TITLE (Lien Reported) |
| 03/02/2018 | PINELLAS PARK, FL | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

USAA Confidential

0901119ca2979502

**CCC⬡ONE**  MARKET VALUATION REPORT | Owner: Mack, Angela
Claim: 02364551600000000009001

# SUPPLEMENTAL INFORMATION

**AUTOCHECK TERMS AND CONDITIONS:**

Experian's Reports are compiled from multiple sources. It is not always possible for Experian to obtain complete discrepancy information on all vehicles; therefore, there may be other title brands, odometer readings or discrepancies that apply to a vehicle that are not reflected on that vehicle's Report. Experian searches data from additional sources where possible, but all discrepancies may not be reflected on the Report.

These Reports are based on information supplied to Experian by external sources believed to be reliable, BUT NO RESPONSIBILITY IS ASSUMED BY EXPERIAN OR ITS AGENTS FOR ERRORS, INACCURACIES OR OMISSIONS. THE REPORTS ARE PROVIDED STRICTLY ON AN "AS IS WHERE IS" BASIS, AND EXPERIAN FURTHER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE REGARDING THIS REPORT.

YOU AGREE TO INDEMNIFY EXPERIAN FOR ANY CLAIMS OR LOSSES, INCLUDING COSTS, EXPENSES AND ATTORNEYS FEES, INCURRED BY EXPERIAN ARISING DIRECTLY OR INDIRECTLY FROM YOUR IMPROPER OR UNAUTHORIZED USE OF AUTOCHECK VEHICLE HISTORY REPORTS.

Experian shall not be liable for any delay or failure to provide an accurate report if and to the extent which such delay or failure is caused by events beyond the reasonable control of Experian, including, without limitation, "acts of God", terrorism, or public enemies, labor disputes, equipment malfunctions, material or component shortages, supplier failures, embargoes, rationing, acts of local, state or national governments, or public agencies, utility or communication failures or delays, fire, earthquakes, flood, epidemics, riots and strikes.

These terms and the relationship between you and Experian shall be governed by the laws of the State of Illinois (USA) without regard to its conflict of law provisions. You and Experian agree to submit to the personal and exclusive jurisdiction of the courts located within the county of Cook, Illinois.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

0901119ca2979502

USAA Confidential

 **CCC⊝ONE**  MARKET VALUATION REPORT | Owner: Mack, Angela
Claim: 023645516000000009001

# SUPPLEMENTAL INFORMATION

⊘ **NHTSA VEHICLE RECALL**

The National Highway Traffic Safety Administration has issued 3 safety related recall notices that may apply to the above valued vehicle.

**NHTSA Campaign ID :** 10V623000

**Mfg's Report Date :** DEC 15, 2010

**Component :** SEAT BELTS:FRONT:BUCKLE ASSEMBLY

**Potential Number Of Units Affected :** 97,843

**Summary :** GENERAL MOTORS IS RECALLING CERTAIN MODEL YEAR 2011 CADILLAC SRX, CHEVROLET EQUINOX AND GMC TERRAIN VEHICLES. THE DRIVER AND /OR FRONT PASSENGER SAFETY BELT BUCKLE ANCHOR MAY FRACTURE AND SEPARATE NEAR THE SEAT ATTACHMENT IN A VEHICLE CRASH.

**Consequence :** THE SAFETY BELT SYSTEM MAY NOT RESTRAIN THE OCCUPANT(S) AS DESIGNED AND COULD INCREASE THE RISK OF INJURY.

**Remedy :** DEALERS WILL MODIFY THE PASSENGER AND/OR THE DRIVER SAFETY BELT BUCKLES AS NECESSARY. THIS SERVICE WILL BE PERFORMED FREE OF CHARGE. THE SAFETY RECALL IS EXPECTED TO BEGIN ON OR BEFORE JANUARY 18, 2011. OWNERS MAY CONTACT CADILLAC AT 1-866-982-2339, CHEVROLET AT 1-800-630-2438, GMC AT 1-866-996-9463 AND AT THE OWNER CENTER AT WWW.GMOWNERCENTER.COM.

**Notes :** GM SAFETY RECALL NO. 100370. OWNERS MAY ALSO CONTACT THE NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION'S VEHICLE SAFETY HOTLINE AT 1-888-327-4236 (TTY 1-800-424-9153), OR GO TO HTTP:// WWW.SAFERCAR.GOV .

**NHTSA Campaign ID :** 14V447000

**Mfg's Report Date :** JUL 23, 2014

**Potential Number Of Units Affected :** 414,333

**Summary :** General Motors LLC (GM) is recalling certain model year 2011-2012 Buick LaCrosse, Regal and Chevrolet Camaro, as well as certain 2010-2012 Cadillac SRX, Chevrolet Equinox and GMC Terrain vehicles, equipped with power height adjustable driver and passenger seats. In the affected vehicles, the bolt that secures the driver's and passenger's power front seat height adjuster may fall out causing the seat to drop suddenly to the lowest vertical position.

**Consequence :** If the driver's seat unexpectedly drops, the distraction and altered seat position may affect the drivers' control of the vehicle, increasing the risk of a crash.

**Remedy :** GM will notify owners, and dealers will replace the height adjuster shoulder bolts, free of charge. The manufacturer has not yet provided a notification schedule. Owners may contact GM customer service at 1-800-521-7300 (Buick), 1-800-458-8006 (Cadillac), 1-800-222-1020 (Chevrolet), or 1-800-462-8782 (GMC). GM's number for this recall is 14271.

**Notes :** Owners may also contact the National Highway Traffic Safety Administration Vehicle Safety Hotline at 1-888-327-4236 (TTY 1-800-424-9153), or go to www.safercar.gov.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

USAA Confidential

0901119ca2979502

# CCC⬤ONE  MARKET VALUATION REPORT

## SUPPLEMENTAL INFORMATION

**NHTSA Campaign ID :** 16V502000

**Mfg's Report Date :** JUL 05, 2016

**Component :** ELECTRICAL SYSTEM , POWER TRAIN

**Potential Number Of Units Affected :** 7,620

**Summary :** General Motors LLC (GM) is recalling certain model year 2016-2017 Buick Verano and 2016 Chevrolet Malibu as the electronic park lock lever may allow the ignition key to be removed without the transmission being in PARK. Also, certain 2013 Buick Encore, 2011 Buick Regal, 2013-2014 Buick Verano, 2011-2016 Chevrolet Cruze, 2010-2013 Chevrolet Equinox 2013-2015 Chevrolet Malibu, and 2011-2013 GMC Terrain vehicles may have been serviced with similar defective replacement electronic park lock levers. As such, these vehicles fail to comply with the requirements of Federal Motor Vehicle Safety Standard (FMVSS) number 114, "Theft Protection and Rollaway Prevention."

**Consequence :** If the key is removed without the transmission in PARK, the vehicle may rollaway as occupants are exiting, increasing the risk of injury.

**Remedy :** GM will notify owners, and dealers will inspect and if necessary replace the key cylinder lock housing, free of charge. The manufacturer has not yet provided a notification schedule. Owners may contact Chevrolet customer service at 1-800-222-1020, Buiick 1-800-521-7300, and GMC 1-800-462-8782. GM's number for this recall is 50490 and 50491.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

USAA Confidential

0901119ca2979502

Exhibit B

# JLG

## JEEVES LAW GROUP P.A.

PERSONAL INJURY · PERSONAL ATTENTION

April 1, 2019

USAA Claims Department
USAA Casualty Insurance Company
P.O. Box 33490
San Antonio, TX 78265
Sent via fax to: 1-800-531-8669

RE: Claim #:          023645516–009
    Insured/My Client:  Leroy Mack
    DOL:              2/7/2019

Dear Sir/Madam:

This is to inform you that my above named client takes the position that USAA Casualty Insurance Company ("Your Company) violated Florida law and breached my client's insurance policy (Policy") in two respects when adjusting my client's total loss claim for my client's 2011 Chevrolet Equinox 4D LS (the "Insured Vehicle"), and to provide Your Company a chance to cure those violations and breaches.

As a reminder, Your Company used a CCC One Market Value Report ("CCC One Report") to calculate an actual cash value of the Insured Vehicle of $5,967.00, resulting in a total payment of $5950.02 made on the Insured Vehicle after adding amounts for sales tax ($483.02) and subtracting my client's deductible ($500).

Fla. Stat. § 626.9743(5)(a)(2) provides, in pertinent part, as follows:

> (5) When the insurance policy provides for the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value or replacement with another of like kind and quality, the insurer shall use one of the following methods:
> (a) The insurer may elect a cash settlement based upon the actual cost to purchase a comparable motor vehicle, including sales tax, if applicable pursuant to subsection (9). Such cost may be derived from:
> ...
> 2. The retail cost as determined from a generally recognized used motor vehicle industry source such as:
> a. An electronic database if the pertinent portions of the valuation documents generated by the database are provided by the insurer to the first-party insured upon request; ...

To the extent Your Company's Policy could be interpreted on its face as allowing Your Company to value the Insured Vehicle by a method other than those provided in the statute or to pay other than "the actual cost to purchase a comparable motor vehicle," per the general provisions found in the Policy, Your Company's Policy is deemed amended to conform to the statute.

By paying sales tax as part of the cash settlement without regard to whether my client purchases a replacement vehicle and how much he pays, Your Company has properly recognized its obligation under § 626.9743(5)(a)(2) to pay my client all retail costs that he is reasonably likely to incur in purchasing a comparable motor vehicle. Unfortunately, Your Company did not fully pay all such retail costs, resulting in two additional violations of the statute and breaches of the Policy.

First, Your Company has paid nothing for license/title transfer fees. Your Company should have paid $83.25, and my client demands payment for these fees on his own behalf and on behalf of all Your Company's similarly situated Florida policyholders. Second, every used car dealer in the Hillsborough area and, indeed, in the State of Florida charges a document fee, so Your Company should have reasonably anticipated my client would incur such a charge in purchasing a comparable motor vehicle at retail, calculated an average or typical charge and paid it to my client. My client now demands Your Company pay my client such an average or typical document fee (and suggests that $500 would be a reasonable amount) and, further, demands that it do the same for all its similarly situated Florida policyholders.

Please review and respond within ten days as to whether Your Company will cure its violations of Florida law and breaches of my client's Policy.

Sincerely,

*Scott R. Jeeves*

Scott R. Jeeves, Esq.

SRJ/kh

```
**************************************
***           Send Results        ***
**************************************

        Sending is complete.

    Job No.              2817
    Address              18005318669
    Name
    Start Time           04/01 09:59 AM
    Call Length          00'51
    Sheets               2
    Result               OK
```

# JI͜G

## JEEVES LAW GROUP P.A.

PERSONAL INJURY · PERSONAL ATTENTION

April 1, 2019

USAA Claims Department
USAA Casualty Insurance Company
P.O. Box 33490
San Antonio, TX 78265
Sent via fax to: 1-800-531-8669

RE: Claim #:              023645516–009
    Insured/My Client:    Leroy Mack
    DOL:                  2/7/2019

Dear Sir/Madam:

This is to inform you that my above named client takes the position that USAA Casualty Insurance Company ("Your Company) violated Florida law and breached my client's insurance policy (Policy") in two respects when adjusting my client's total loss claim for my client's 2011 Chevrolet Equinox 4D LS (the "Insured Vehicle"), and to provide Your Company a chance to cure those violations and breaches.

As a reminder, Your Company used a CCC One Market Value Report ("CCC One Report") to calculate an actual cash value of the Insured Vehicle of $5,967.00, resulting in a total payment of $5950.02 made on the Insured Vehicle after adding amounts for sales tax ($483.02) and subtracting my client's deductible ($500).

Fla. Stat. § 626.9743(5)(a)(2) provides, in pertinent part, as follows:

> (5) When the insurance policy provides for the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value or replacement

Exhibit C

 USAA Property and Casualty – Policy Service
9800 Fredericksburg Road
San Antonio, Texas 78288

**To:**   Christopher A Cotten

**Fax**   7278221499

**From:** Craighead, Rhonda (PL27075)
        (210) 007-9679

**Fax**

**Messages:**

Please find the attached pages received as part of this Fax
transmission.

Date and time of transmission:Tuesday, April 2, 2019 9:35:06 AM
Number of pages including this cover sheet:03

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is CONFIDENTIAL and may be protected by one or more legal privileges. It is intended solely for the use of the addressee identified above. If you are not the intended recipient, you are hereby notified that reading, copying, disclosing, or distributing this transmission is STRICTLY PROHIBITED. The sender does not waive and has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender immediately by telephone, and we will arrange to have the transmission returned to the sender at no cost to you. Thank You.

## FAX COVER LETTER

## RECIPIENT

| | |
|---|---|
| Recipient: | Christopher A Cotten |
| Recipient's Company: | |
| Recipient's Fax: | 7278221499 |
| Comment: | |

## SENDER

| | |
|---|---|
| Sender: | Rhonda A Craighead |
| Sender's Company: | USAA |
| Sender's Telephone Number: | 1-210-531-8722, ext 79679 |
| Sender's Fax Number: | 1-800-531-8669 |
| USAA Reference Number: | 023645516 - 9 |

IMPORTANT:  Please include your USAA Reference Number on all return transmissions.

### IF YOU DO NOT RECEIVE FULL TRANSMISSION, CALL SENDER

**CONFIDENTIALITY NOTICE**
The information contained in this facsimile transmission is a **CONFIDENTIAL COMMUNICATION** and may be protected by one or more legal privileges. It is intended solely for the use of the recipient identified above. If you are not the intended recipient, you are hereby notified that reading, copying, or distributing this transmission is **STRICTLY PROHIBITED**. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender immediately by telephone, and we will arrange to have the transmission returned at no cost to you.

Thank you.



USAA Casualty Insurance Company

# CLAIM INFORMATION

CHRISTOPHER A COTTEN
JEEVES LAW GROUP PA
954 1ST AVE NORTH
SAINT PETERSBURG FL 33705-1502

## Information about Your Claim

April 2, 2019

Dear Christopher A Cotten,

I'm writing regarding the claim referenced below.

| | |
|---|---|
| **USAA policyholder:** | Angela Mack |
| **Claim number:** | 023645516-009 |
| **Date of loss:** | February 7, 2019 |
| **Loss location:** | Tampa, Florida |

I have reviewed and what we are responsible for a Florida policy is actual cash value and tax.

You may submit correspondence or questions to me using one of the following options:

**usaa.com or our mobile app:** Upload documents or post a secure message to your claim file through the Claim Communication Center.

**Address:** Salvage Recovery
P.O. Box 659474
San Antonio, TX 78265

**Fax:** 1-800-531-8669

**Phone:** 1-210-531-8722, ext 79679

Sincerely,

Rhonda A Craighead
Auto Security and Recovery - Total Loss
USAA Casualty Insurance Company

023645516 - 009 - 9019 - 05                                              54577-1218

Page 1 of 1